[No. 12622.  In Bank. — June 16, 1888.]

MASSAH VAN EMON ET AL., PETITIONERS, v. SU-
PERIOR COURT OF TULARE COUNTY, RESPOND-
ENT.

ESTATE OF DECEDENT — FUNERAL EXPENSES — COST OF MONUMENT. — The
cost of the erection of a monument at the grave of a deceased person is
a part of the funeral expenses, and is payable as such from the estate of
the deceased.

APPLICATION for a writ of review.  The facts are stated
in the opinion of the court.

*Brown & Daggett*, for Petitioners.

*Frederick S. Stratton*, and *N. O. Bradley*, for Respond-
ent.

SHARPSTEIN, J.—This is an application for a writ of
review.  The respondent in a probate proceeding made
an order authorizing Robert Baker, administrator of the
estate of John W. Miller, deceased, to cause a monument
to be erected at the grave of deceased at an expense not
exceeding fifteen hundred dollars.  Petitioners, who are
heirs of deceased, asked to have said order annulled on
the ground of want of jurisdiction in the court to make
it.  The contention of petitioners is, that the jurisdiction
of superior courts in matters of probate is defined by
statute, and that the statute does not authorize the erec-
tion of monuments at the graves of deceased persons at
the expense of their estates.  It authorizes the payment
of funeral expenses, but petitioners insist that the cost
of the erection of a monument is not any part of the
funeral expenses.  The answer to this is that courts and
law-writers have so treated it.  In case of the appeal of
*Ann McGlinsey, Administratrix of John McGlinsey*, 14
Serg. & R. 64, the orphan's court struck out a credit
claimed for funeral expenses of the deceased.  The ap-
pellate court said: " A handsome tombstone was erected
over the vault in which the body was interred, and this

was the principal article of expense." The court held that that should have been allowed.

In *Bendall* v. *Bendall*, 24 Ala. 295, 60 Am. Dec. 469, the court said: "They [the vouchers] all relate to a box tomb of marble, lettered and inscribed, which the administrator caused to be erected over the grave of the deceased. . . . . *This may well be classed under the head of funeral expenses.*"

In *Ferrin* v. *Myrick*, 41 N. Y. 325, the court, after saying it was the duty of the executor to pay funeral expenses, added, "and it has been well held that suitable gravestones are a part of such expenses."

In *Fairman's Appeal*, 30 Conn. 209, the court said that the sums paid for tombstones "should be considered a part of the funeral expenses."

We think the court had jurisdiction to authorize the erection of a monument, and that is the only question which we can consider on the application for a writ of review.

The demurrer to the petition is sustained, and the proceeding dismissed.

SEARLS, C. J., McFARLAND, J., PATERSON, J., and THORNTON, J., concurred.