[No. 3.   Sac. No. 1366.   Third Appellate District.—May 31, 1905.]

In the Matter of the Estate of EMMA KOPPIKUS, Deceased.   HENRY G. KOPPIKUS, Appellant, v. C. M. FITZGERALD, Executor, Respondent.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—EXPENSES OF ADMINISTRATION—MONUMENT PROVIDED FOR IN WILL.—An order was properly made to sell the real estate of a deceased testatrix to pay the expenses of administration and to carry out a provision in the will for the erection of a monument over the grave of the testatrix.

ID.—BURIAL WITH HUSBAND'S CONSENT—REMOVAL AND CREMATION TO DEFEAT SALE—PROVISION FOR MONUMENT NOT AFFECTED.—Where, with the consent of the husband, his deceased wife had been buried as provided for in her will, and had remained in her grave for over a year, his subsequent removal and cremation of the body pending a petition for sale of real estate to raise funds for a monument does not change the location of the grave so as to defeat the valid provision in the will for a monument over the grave.

ID.—MONUMENT AS FUNERAL EXPENSES.—The provision for the erection of the monument was legitimate and proper, and even where there is no testamentary disposition or direction therefor, the courts will allow a reasonable sum out of the funds of the estate for the erection of a monument, putting the expenditure on the ground of funeral expenses.

ID.—INDEFINITE PROVISION FOR CARE OF BURIAL LOT.—A provision for the care of the burial lot which is too indefinite and uncertain to be enforced cannot be properly included as a ground for an order of sale of real estate, and the order and judgment will be modified by striking out all reference thereto.

APPEAL from an order and judgment of the Superior Court of El Dorado County directing a sale of real estate. M. P. Bennett, Judge.

The facts are stated in the opinion of the court.

C. E. Peters, for Appellant.

George H. Thompson, for Respondent.

BUCKLES, J.—This is an appeal from an order and judgment directing a sale of real estate.

Emma Koppikus died testate March 31, 1903, leaving her surviving her husband, Henry G. Koppikus, her sole heir.

The reasons for the sale as set up in the petition, and found by the court, are to pay commissions of executor, $280; attorneys' fee, $250; for erecting a monument over the grave of testatrix, etc., $1,000; and for paying $100 to keep the grave, etc., in repair, making a total of $1,630; and that the personal property is not sufficient to pay these amounts.

The court below made an order directing the sale to be made, and this is complained of and objected to on the following grounds: 1. That the direction in the will as to monument over the grave of testatrix is an attempt on the part of testatrix to dispose of her dead body by will, and is not a proper funeral expense; and 2. That there is no grave of testatrix wherein the remains of the said Emma Koppikus are interred, and that the remains were, by her said husband, caused to be cremated, and the ashes are not in the cemetery.

The court made findings, among which are the following, bearing upon the matters tried. The will is set out in full in finding III, and the part relating to the monument is as follows:—

"I desire that my body be buried from the Roman Catholic church of Georgetown and be laid to rest in the Georgetown cemetery, and that a monument of Scotch granite be erected over my grave and the lot to be surrounded with a granite curbing, the said monument and curbing to cost one thousand dollars. And I desire that the said lot be cared for and kept in order for at least twenty years after my death."

### "FINDING IV.

"That in accordance with the desire of testatrix, expressed in the said will, she was buried on the —— day of April, 1903, in the said Georgetown cemetery; that her burial in the said cemetery was with the full knowledge and consent of her husband, Henry G. Koppikus, who was present at her burial and grave and made no objection to her burial in said grave in the said Georgetown cemetery. . . . That the body of Mrs. Koppikus was buried as aforesaid in a private lot ten feet square, selected and paid for to the cemetery association by the executor of the said estate as such with the funds of the said estate.

### "FINDING V.

"That on the —— day of June, 1904, and subsequent to the filing of the petition herein by the executor for the order of

the court for a sale of real property, Henry G. Koppikus, the husband of said deceased, . . . caused the body of the said testatrix to be exhumed from her grave in said George-town cemetery . . . and caused it to be removed to Oakland and there cremated, and her ashes have not been returned to her said grave.''

And, as conclusions of law, the court found that the request of testatrix in her will as to the burial of her body and monu-ment over her grave at a cost of one thousand dollars, ''is a valid and legal direction to her executor. . . . That by the burial of Mrs. Koppikus in accordance with the directions of her last will, in the Georgetown cemetery, by and with the consent of her said husband, her grave was there located and established. That the subsequent removal of her body from the said grave and the cremation of the same do not destroy the character of the original resting-place of her mortal remains as her grave, but the said spot where she was buried remains, for the purpose of carrying out the directions of her will, her grave. That the erection of a monument over the said grave and the construction of a curbing about the same will be a compliance with the directions of said will, and will require the expenditure of $1000.00.'' And ''that the expenditure of $100.00 for the care of said lot for at least 25 years, if such expenditure can be made by the executor with adequate security that such care will be bestowed upon the said lot for said period, will be a legal expenditure of the funds of said estate and in compliance with the directions of said will.''

The court thereupon made its order and judgment directing the sale to be made.

It is contended by the appellant that the testatrix, by the direction in her will, attempted to dispose of her dead body. But supposing she did so intend, her intention was carried into execution, not against the wish of her husband, who would have the right to dispose of it himself, but it was with his knowledge and consent that the body was buried in the Georgetown cemetery.

The case is unique, and we have failed to find any case similar in any of the books of reports. The husband allowed the said body of his wife to remain where it had been buried for over a year and made no move toward removing and

cremating it until after the petition was filed, by which the court was asked to direct a sale for the purpose of raising funds with which to erect the monument.

We think the court was committing no error when it said that her grave was located and established in the Georgetown cemetery, and that when, a year later, the husband removed the remains from the grave and had them cremated, the establishment and location of the grave was not changed so as to defeat the direction of the testatrix; that for all purposes of the will and the duty of the executor the grave remained the same, and for all purposes of this case became a certain, fixed, and definite place, a grave over which the executor must erect a monument as contemplated in the will.

As to the right of the testatrix to set apart one thousand dollars out of the money of her own separate estate with which to erect a monument over her grave, we think there can be no doubt. But as to the one hundred dollars for care of lot for twenty-five years, we think the court erred in its decree in that respect. The provision in the will is entirely too indefinite ever to be enforced. There can be no question as to the right of the testatrix to dispose of her own property as she may please, so long as the disposition was a legal one; and the erecting of a monument over the grave of a deceased person is a legitimate and proper act. (*Detwiller* v. *Hartman,* 37 N. J. Eq. 352; *Canfield* v. *Canfield,* 62 N. J. Eq. 578, [50 Atl. 471].)

Even where there is no testamentary disposition or direction that this be done, the courts will allow a reasonable sum to be paid out of the funds of the estate for the erection of a monument, putting the expenditure upon the ground of funeral expenses. (*Van Emon* v. *Superior Court,* 76 Cal. 589,[1] [18 Pac. 877].)

As it appears necessary that the real estate should be sold as prayed for in the petition, and for the reasons and purposes therein set forth, except as to the one hundred dollars for caring for the lot for twenty-five years, the order of sale and judgment appealed from are modified by striking out all reference to said one hundred dollars for caring for the lot, and such order and judgment thus modified are affirmed.

Chipman, P. J., and McLaughlin, J., concurred.

[1] 9 Am. St. Rep. 258.

A petition to have this cause heard by the supreme court after judgment in the district court of appeal was denied by the supreme court on July 26, 1905.