W. W. MORROW, Treasurer of State, v. CARRIE DURANT,
Executrix of HENRY DURANT.

**Inheritance tax:** `BURIAL EXPENSE: REASONABLE SUM.` The question
1 of whether a sum set aside by a testator in his will for the
construction of a tomb for his remains is reasonable, is one of
mixed law and fact governed by all the circumstances, and will
not be determined on demurrer purely as a matter of law; but
the fact that the testator designated a certain amount for that
purpose raises a presumption of its reasonableness, in the absence
of the superior claims of creditors or of those having legal
demand upon his bounty.

**Same:** EXEMPTIONS: DEBTS: STATUTES. Neither section 1467, Code,
2 Supp. 1907, relating to a collateral inheritance tax on estates
exceeding $1000, exclusive of debts, nor section 1467—a, providing
that the term debts shall include a reasonable sum for funeral
expenses, has any application in determining whether a sum
reserved for burial expenses is subject to the inheritance tax,
where the estate exceeds the sum of $1000 after deducting all debts
including the sum reserved.

**Inheritance tax:** RESERVATION: EXEMPTION. A sum reserved by the
3 terms of a will for the burial expense of testator does not pass
to any collateral heir, and therefore is not taxable under the
inheritance tax law.

**Same.** In the absence of the collusion or fraud of legatees the
4 State cannot object, in a proceeding to assess a collateral in-
heritance tax, that the amount reserved by the testator for his
burial expenses is unreasonable, except as the same may bear
upon the question of a classification of the estate and a deter-
mination of whether it is exempt from the tax.

*Appeal from Kossuth District Court.*—HON. D. F. COYLE,
Judge.

TUESDAY, DECEMBER 15, 1908.

THIS is a proceeding by the plaintiff, as Treasurer

of State, to collect from the defendant, as executrix of the will of decedent, Henry Durant, a collateral interitance tax. The court below ordered a recovery of such tax on certain bequests amounting to $3,980, and no more. The plaintiff appeals.—*Affirmed*.

*H. W. Byers,* Attorney General, and *George Cosson,* Assistant Attorney General, for appellant.

*E. V. Swetting,* for appellee.

EVANS, J.—The decedent, Henry Durant, died testate in Kossuth County on December 1, 1904, leaving no widow nor direct heirs. By his will he made a number of bequests to collateral relatives, amounting to a sum total of $3,980. By the sixth paragraph of the will he directed his executrix to "build for me in the cemetery at Algona, Iowa, a tomb which shall not exceed the cost of $2,000, and pay for same out of my estate, when same is completed, that my remains be placed therein to remain." In division 2 of her answer, executrix pleaded this paragraph of the will, and averred, in substance, that after the payment of all legacies and bequests amounting to $3,980, and after the payment of the debts of the decedent and the expenses of administration, there would remain in her hands a sum less than $2,000, and that she desired and intended to expend it all in the erection of a tomb in pursuance of such paragraph of the will. To this division of the answer, the plaintiff demurred on the following grounds: (1) That such sum proposed to be expended had not in fact been expended within fifteen months of the date of the death of testator. (2) That the sum of $2,000 is not a reasonable sum for a tomb in an estate of the valuation of the Henry Durant estate, and that only a "reasonable amount can be allowed as part of the funeral expenses in such an estate, and included in the debts

to be deducted in accordance with the provisions of section 1467a of Code Supplement." (3) That the sum of $2,000, or any other sum for such purpose, "is a bequest not exempt from the payment of collateral tax, for the reason that it is of a purely personal and selfish nature, and is not a bequest to any person or society exempt from a tax, and that such bequest is void and against public policy." This demurrer was overruled by the lower court. The plaintiff refused to plead further. Thereupon the case proceeded to hearing, and decree was entered, wherein the court made a certain finding of facts, finding, in substance, that the plaintiff was entitled to recover a tax of 5 per centum, with interest on the sum total of all the bequests amounting to the sum of $3,980. After such finding, the decree provided as follows: "The court further finds that the balance of said estate, aside from said bequests herein mentioned, after the costs and expenses of the settlement of said estate are paid, will be invested in a monument erected in the cemetery at Algona, Iowa, in accordance with the will of said Henry Durant, which was proved and probated in Kossuth County, and that said sum will be less than $2,000." The plaintiff was not allowed to recover any collateral inheritance tax upon the sum reserved and set aside for the purpose of erecting the tomb. Under the record as made here, this is the only question presented for our consideration, although a number of other questions appear to have been considered on the trial below. Plaintiff's theory is that the cost of erecting a tomb is a part of the funeral expenses, and that under the statute it is classified as a "debt," and that it can be only for "a reasonable sum," and that it must be allowed "within fifteen months from the death of decedent, unless otherwise ordered by the judge or court of the proper county." He contends that the reasonableness of the sum is to be determined by the amount of the estate, and that the amount provided by the will and ordered by the court

in this case is unreasonable in view of the size of the estate.

I. To our minds there are several insuperable obstacles in the way of plaintiff's recovery of a tax on this sum. Whether the amount reserved for the erection of a tomb is "reasonable" is a question of mixed law and fact to be determined in the light of all the circumstances of the case. No evidence is presented to us in this record, and we have grave doubts whether the appellant is in any position to present such question for our consideration. A ruling on a demurrer can only present a question of law, and this question before us necessarily involves fact as well as law. If the burden was ·upon the defendant to show affirmatively that the sum reserved was "reasonable," it may be that the question could be raised by demurrer. An important fact in this case, which does appear in the defendant's pleading, is that the will of the decedent expressly provided for this expenditure. In the absence of the superior rights of creditors or of persons having some legal claim upon the decedent, it would seem reasonable to say that this provision of the will raises a presumption of reasonableness as far as the duties of the executrix are concerned. It is a matter of common observation that there are some people who prefer that their remains after death be laid in a "tomb," rather than in a grave. We can not say that such a preference or desire is unreasonable, as a matter of law or fact. Nor can we say, without evidence, that a suitable tomb for such purpose could be built for a substantially less sum than $2,000. The appellant is under the further burden in this court that it does not appear from this record just what amount of money was reserved for the specific purpose, except that it was "less than $2,000." If the court below necessarily found that the sum reserved was "reasonable," we have before us no evidence from which we can review such finding, and, if we had such evidence, it could not avail

1. INHERITANCE TAX: burial expense: reasonable sum.

the plaintiff, for the reasons appearing later in this opinion.

II. Appellant bases his contention upon the express terms of the statute. We do not think the statute will bear the construction contended for. So far as applicable to this case, section 1467, Code Supp., may be read as follows: "All property within the jurisdiction of this State and any interest therein which shall pass by will to any person (other than to father, mother, etc.) shall be subject to a tax of 5 per centum of its value above the sum of $1,000 after the payment of all debts." The word "debts," as herein used, is defined in section 1467a as follows: "The term 'debts' in the eleventh line of section 1467 shall include in addition to debts owing by decedent at the time of his death, and a reasonable sum for funeral expenses, court costs," etc. It has heretofore been held by this court that the clause, "above the sum of $1,000 after the payment of all debts," is descriptive of the estate as a whole, and determines the classification of the estate as a whole as to whether it is exempt or nonexempt from the tax. *Herriott v. Bacon*, 110 Iowa, 345. It does not in any sense measure the amount of an exemption. If an estate does not contain "above $1,000 after payment of all debts," as above defined, it is wholly exempt from the operation of the law. If otherwise, all devises received by collateral persons are subject to the tax, without any exemption whatever. In the estate under consideration, it is undisputed that its value is "above $1,000 after the payment of all debts," and this is so even though the sum of $2,000 reserved for a tomb be deemed as a debt. There being no dispute over the classification of this estate as nonexempt, the clause, "above the sum of $1,000.00 after the payment of all debts," has no further function to perform, and has no applicability to the issues in this case. It necessarily follows that section 1467a is also without applicability to

*2. SAME: exemptions: debts: statutes.*

the issue under consideration, in so far as it defines the word "debts" as the same is used in the original section. The evident purpose of this latter section is that an estate whose value is near the dividing line shall not be carried into the exempt class by extraordinary charges under the guise of funeral expenses (which may properly include a monument, as plaintiff contends), or by the presentation of stale or fictitious claims which are not allowed within fifteen months. No such question is involved in this controversy. The question therefore whether the plaintiff is entitled to recover the tax upon the fund reserved for the tomb is not governed by the language of this section.

III. It will be observed in section 1467 that the property subject to tax is that "which shall pass by will . . . to any person . . . other than to or for the use of father, mother," etc. The fund reserved in obedience to the will of decedent will not pass "to any person." On the face of the statute therefore plaintiff is not entitled to recover a tax upon it. His counsel have foreseen this difficulty, and they bring to our attention section 1467b, Code Supp., which is as follows:

3. INHERITANCE TAX: reservation: exemption.

Except as to property passing to the persons, corporations and societies exempted by section fourteen hundred and sixty-seven (1467) of the Code from the collateral inheritance tax, and real property located outside the State passing in fee from the decedent owner, the tax imposed under chapter four (4) of title seven (7) of the Code shall hereafter be assessed against, and be collected from, property of every kind, which, at the death of the decedent owner, is subject to, or thereafter, for the purpose of distribution, is brought into this State and becomes subject to the jurisdiction of the courts of this State for distribution purposes, or which was owned by any decedent domiciled within the State at the time of the death of such decedent, even though the property of said decedent so domiciled was situated outside of the State.

It is apparent upon the face of this section that it has a much broader purpose than to reach a fund such as that now in controversy. We will not stop to discuss that broader purpose. The contention of the plaintiff is that by its terms it qualifies section 1467, in that it applies to "property of every kind," regardless of whether it passes "to any person" or not. It must be conceded that the language of this section will bear such construction; but, if we were to place such construction upon it, it would destroy section 1467 and render it unconstitutional. It has heretofore been held by this court that the constitutionality of our collateral inheritance tax law can be sustained only on the ground that it is not a tax on the property itself, but upon the right to succession to property, and that a tax on the property itself, on the ground that it was acquired by collateral inheritance (which tax was not imposed on other property), would be a violation of the Constitution. See *Herriott v. Potter,* 115 Iowa, 648; *In re Stone's Estate,* 132 Iowa, 136. Section 1467b may be readily and naturally construed as supplemental to section 1467, and as not qualifying it in any such sense as to render it unconstitutional. Its principal purpose is manifestly to impose a tax upon the right to succession accruing to residents of this State in property situated in other States, which is brought into this State for distribution; and to impose a tax upon the right to succession to property situated without the State, which was owned by a decedent domiciled within the State at the time of his death. Cases of this kind were not expressly provided for in the original section. We hold therefore that section 1467b has no application to the case at bar.

IV. We do not overlook the fact that, if the amount to be expended for a tomb were reduced, the amount remaining would pass under the residuary clause to collateral heirs, and would thereupon become subject to the operation of the statute; but, in the

4. SAME.

absence of fraud or collusion on the part of the residuary legatees, this does not furnish to the plaintiff a ground of complaint. It has been held by this court that a legacy to a collateral relative may be waived or renounced in its entirety. Upon such renunciation the right of the State to collect the collateral inheritance tax fails with the legacy itself. *In re Stone's Estate,* 132 Iowa, 136. In the case at bar, so far as appears here, the residuary legatees concede the propriety and reasonableness of the fund reserved for erecting a tomb to the testator. Their position in the matter is commendable, rather than blameworthy, and we see no ground upon which the plaintiff can stand to interfere therewith. We hold therefore that sections 1467a and 1467b have no application to the issue presented in this case; that the plaintiff, as State Treasurer, can collect the tax only upon the property which passes by succession to some of the persons included within the collateral class; that, in the absence of fraud or collusion, he can not interfere with the waiver by any such person of his rights under the will; nor has he any right to try the question of the reasonableness of an expense under section 1467a, except for the purpose of determining the classification of an estate as exempt or nonexempt from taxation.

V. The last ground of plaintiff's demurrer is not pressed in argument here.

Our view above expressed indicates that we see nothing contrary to public policy in paragraph 6 of the testator's will. Whether it shall be regarded as selfish or not must depend upon the point of view. If it be so conceded, it determines nothing.

The decree of the court below is *affirmed.*