(62 Misc. Rep. 154.)

In re FAY'S ESTATE.

(Surrogate's Court, New York County.　January, 1909.)

TAXATION (§ 876*)—TRANSFER TAX—EXEMPTIONS.

 A bequest to a foreign cemetery association, the interest to be used in keeping testator's lot in good condition forever, is subject to the transfer tax.

 [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1693; Dec. Dig. § 876.*]

In the matter of the estate of Sigourney W. Fay.　From an order assessing a transfer tax, the executor appeals.　Affirmed.

James H. Fay, for petitioner.
John S. Jenkins, for State Comptroller.

BECKETT, S.　This is an appeal by the executor from an order which assessed a tax of $50 upon a bequest to the Mt. Auburn Cemetery Association.　The decedent directed his executor to pay to the Mt. Auburn Cemetery Association the sum of $1,000, "so that the interest of this sum will keep my lot in good condition forever."　The cemetery association is a Massachusetts corporation.　The executor contends that the bequest is to be considered as part of the funeral expenses, and, therefore, not taxable.

In Matter of Vinot's Estate (Sur.) 7 N. Y. Supp. 517, Surrogate Ransom held that a bequest of $1,000 to an association, the income of which was to be applied to the care and preservation of the burial plot of decedent, was not taxable.　As this decision has not been overruled by a higher court, it might be considered as a controlling authority in this case.　In view, however, of the language of the Court of Appeals in the Gould Case, 156 N. Y. 423, 51 N. E. 287, and of the Appellate Division in the McAvoy Case, 112 App. Div. 377, 98 N. Y. Supp. 437, it would appear that the decision in the Matter of Vinot would scarcely meet with the approval of the appellate courts at the present time.　In the Gould Case it was held that the property was taxable, although bequeathed for the purpose of satisfying a contractual obligation existing at the time of decedent's death; and in the McAvoy Case it was held that the bequest was taxable, although the beneficiary received it in payment of services to be rendered thereafter.

While it has been held that a sum spent by an executor in the erection of a monument to decedent is exempt (Matter of Edgerton's Estate, 35 App. Div. 125, 54 N. Y. Supp. 700), and that a reasonable sum spent in the purchase of a burial plot for decedent may be regarded as a part of the funeral expenses and, therefore, a proper deduction (Matter of Liss' Estate, 39 Misc. Rep. 123, 78 N. Y. Supp. 969), there is a manifest distinction between such expenditures made by an executor in his discretion and a bequest made by decedent in his last will to a certain beneficiary and for a certain specific purpose.　In the latter case the property passes to the beneficiary by virtue of the provisions in deced-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ent's will, and as the statute provides that all property passing by will (if not going to parties specifically mentioned as being exempt) is taxable, the bequest to the Mt. Auburn Cemetery Association would seem to be taxable.

Decreed accordingly.