ELLA WIETING, as Executrix of the Estate of PHILIP G. WIETING, Deceased, Appellee, v. W. W. MORROW, Treasurer of the State of Iowa, Appellant.

Collateral inheritance tax: SUCCESSION TO PROPERTY: STATUTE. The collateral inheritance tax is based upon the right of succession to the property and not upon the property itself; and the constitutionality of the collateral inheritance statute rests upon this ground.

Same: CONSTRUCTION OF STATUTE: PROPERTY ASSESSABLE. Where a nonresident owning property both in this state and in a foreign state devised an undivided one-third of all his property to his widow, and also a life estate in all the remainder after the payment of specific legacies, the property in this state should be charged with the debts of the testator and the widow's one-third pro rata with the other property, and the inheritance should be assessed only upon the balance of the assets in this state after

deducting the present value of the widow's life estate in the residue.

**Same:** OVERPAYMENT OF TAX: INTEREST. In an action to recover an overpayment of a collateral inheritance tax paid to the state under protest interest should not be allowed on the overpayment.

*Appeal from Tama District Court.*—HON. C. B. BRADSHAW, Judge.

WEDNESDAY, JULY 5, 1911.

THIS action involves the question of the basis of computation of the collateral inheritance tax due the state of Iowa upon the estate of Philip G. Wieting, a resident and citizen of New York. The deceased died testate in the state of New York February 15, 1906, leaving no direct heirs, but leaving a widow who is the executrix of his will, and as such is the plaintiff herein. The testator left property both in New York and in Iowa. A dispute having arisen between the executrix and the Treasurer of State as to the basis of the liability of the estate for a collateral inheritance tax upon the Iowa property, the executrix paid to the Treasurer of State, under protest, the full amount demanded by him without prejudice to her right to sue to recover back any overpayment under the provisions of section 1475a, Code Supplement 1907. Her right in this respect was protected also by stipulation entered into between the parties and is not questioned now. Upon a hearing, the trial court found that the Treasurer of State had collected from the plaintiff an excessive amount. It determined also the amount legally due from the estate and ordered a refund of the balance to the plaintiff. From this order, the defendant, as Treasurer of State has appealed.—*Modified* and *affirmed.*

*H. W. Byers,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for appellant.

*E. C. Ebersole* and *Struble & Stiger,* for appellee.

EVANS, J.—The case was tried upon a stipulation of facts. The estate of the testator is valued at $167,371. This valuation includes property located in Iowa to the value of $43,762. The remainder of the property is located in New York. The estate consists of both personal and real property both in Iowa and New York. The indebtedness of the estate is $16,300. The proportion of the debt which should be charged against the Iowa property under our statute is agreed to be $4,262 leaving the net value of Iowa property at $39,500. By his will the testator devised to his widow an "undivided one-third of all my property both real and personal, giving to her to use, control and dispose of as she may deem proper." He also devised to her a life estate in all the "rest and residue of my estate" after the payment of certain legacies provided in the will. The will contains many bequests of specific amounts to collateral beneficiaries. The remainder of the residuary estate after the death of the widow is also disposed of to collateral beneficiaries. The sum total of bequests of money to collateral beneficiaries does not appear from the record. In argument, however, it is stated to be $43,700. By the will the widow is nominated as sole executrix without bond with full power at her discretion to sell and convey all the real estate as she may deem best in the interest of the estate. The contention of the defendant is that no part of the property located in Iowa is exempt from the collateral inheritance tax, and that the amount of tax due thereon should be computed at 5 percent upon the full $39,500. Payment was exacted upon that basis, and the amount demanded upon such basis was paid by plaintiff under protest as already indicated. The contention of the plaintiff is: (1) That she is entitled to take her undivided one-third of all the property situated in Iowa exempt from the tax. (2) That she is

entitled also to take with like exemption such an amount as equals the value of her life estate in "the rest and residue" of the estate after payment of the legacies. The trial court sustained this contention of plaintiff although some errors crept into the final computation. The argument on behalf of appellant is that section 1467-e was enacted by the Legislature for just such a case as this. It is urged that such legislation was necessary in order to prevent an arbitrary marshaling of assets of a foreign estate in the place of its principal administration so as to defeat the operation of our law on the subject of collateral inheritance tax. Sections 1467-d and 1467-e are as follows:

Sec. 1467-d. Whenever any property belonging to a foreign estate, which estate, in whole or in part, is liable to pay a collateral inheritance tax in this state, the said tax shall be assessed upon the market value of said property remaining after the payment of such debts and expenses as are chargeable to the property under the laws of this state; in the event that the executor, administrator, or trustee of such foreign estate files with the clerk of the court having ancillary jurisdiction, and with the Treasurer of State, duly certified statements exhibiting the true market value of the entire estate of the decedent owner, and the indebtedness for which the said estate has been adjudged liable, which statement shall be duly attested by the judge of the court having original jurisdiction, the beneficiaries of said estate shall then be entitled to have deducted such proportion of the said indebtedness of the decedent from the value of the property as the value of the property within this state bears to the value of the entire estate.

Sec. 1467-e. Whenever any property, real or personal, within this state belongs to a foreign estate, and said foreign estate passes in part exempt from the collateral inheritance tax, and in part subject to said collateral inheritance tax, and it is within the authority or discretion of the foreign executor, administrator or trustee administering the estate to dispose of the property not specifically devised to direct heirs or devisees in the payment of the debts owing by decedent at the time of his death, or in the satisfaction of legacies, devises, or trusts given to direct or col-

lateral legatees or devisees, or in payment of the distributive shares of any direct and collateral heirs, then the property within the jurisdiction of this state, belonging to such foreign estate, shall be subject to the collateral inheritance tax imposed by chapter four (4) of title seven (7) of the Code, and the tax due thereon shall be assessed as provided in the next preceding section of this act, and with the same proviso respecting the deduction of the proportionate share of the indebtedness as therein provided.

It will be noted that the first part of section 1467-e recites certain conditions upon which such section shall become operative. If such conditions exist, "then the property within the jurisdiction of this state shall be subject to the collateral inheritance tax imposed by chapter four (4) of title seven (7) of the Code," etc. Chapter 4 of title 7 provides for the very exemptions which are contended for by appellee. The appellant would construe the above quotation from the statute as though it read: "then [all] the property within the jurisdiction of this state shall be subject to the collateral inheritance tax imposed by chapter four (4) of title seven (7) [without any exemptions whatever]." We have inserted the bracketed words as indicating the construction contended for by appellant. These words are not contained in the statute. In its final analysis, the argument of appellant is that as to foreign estates the collateral inheritance tax due the state of Iowa should be construed as a tax upon the property located in Iowa, and not as a tax upon the succession to property to be collected from the beneficiaries. We have held heretofore that the constitutionality of our collateral inheritance tax statute can be sustained only on the ground that it is not a tax on the property itself, but upon the right to succession to property. *Herriott v. Potter,* 115 Iowa, 648; *In re Stone's Estate,* 132 Iowa, 136; *Morrow v. Durant,* 140 Iowa, 437.

In the case before us the principal administration is

1. COLLATERAL INHERITANCE TAX: succession to property: statute.

necessarily pending in the state of New York. Ancillary administration is pending here. There is no claim that there is any attempt in this case to so marshal the assets as to defeat the fair operation of our own statute as to that part of the estate located here. If such an attempt were made, doubtless a way could be found to foil it. If the executrix were attempting arbitrarily to so marshal the assets as to pay the legacies to collateral beneficiaries wholly out of the estate located in New York, and so as to apply the assets located in Iowa wholly to satisfy the provisions made in her own behalf as widow, a different question might be presented. But the widow only asks that the assets located in Iowa be applied *pro rata* to every provision of the will. This is equitable to say the least. We find nothing in the statute to forbid it. On the other hand, the contention of appellant amounts to an arbitrary marshaling of assets which might result either in depriving the widow of the right to receive any benefit from that part of her husband's estate situated in Iowa or else in depriving her of the very exemption from the tax which the statute has expressly provided.

*2. SAME: construction of statute: property assessable.*

That the widow is entitled by the express provisions of the will to take an undivided one-third of the property located in Iowa as well as of that located in New York, seems to us very clear. Being entitled to take it, she takes it exempt from the tax under the statute. It is also clear that if she is entitled to a life estate in any "rest and residue," she is entitled to take that also exempt from any tax. How the "rest and residue" can be determined in such case is a more difficult question. But the concessions of the plaintiff relieve us from the necessity of determining what her utmost right might be. As already indicated, she concedes that after appropriating one-third of the Iowa property for herself as widow, the remaining two-thirds should be first charged *pro rata* with the payment of all debts and legacies, and that her life estate in Iowa

property should be limited to the "rest and residue" remaining after such application. We find nothing in the statute which would justify a larger claim against the plaintiff than she thus concedes. The exact situation here presented is not covered by the express terms of the statute; but the basis contended for by plaintiff responds to the spirit of the statute and leaves little room for fair controversy. In its general purport, this was the finding of the trial court; and we would affirm such order without modification were it not for a question of interest, and some errors already alluded to which crept into the computation.

II. The trial court not only ordered a refund of the amount due plaintiff as an overpayment, but it also ordered that she be paid interest thereon. This order is challenged by the defendant. The plaintiff having paid the tax her right to maintain this action rests either upon section 1475-a of the Code Supplement, or else upon a stipulation between the parties entered into at the time she paid it. The statute in question does not provide for the payment of interest to any claimant for taxes overpaid. The overpayment of the money was into the public treasury. The statute creates no liability against the state of Iowa as for the use of the money. Upon a proper showing it is made the duty of certain officers to order and "issue a warrant upon the Treasurer of State to refund such taxes." No authority is conferred upon any public officer to order or to issue an order for any amount as interest. We had occasion to consider a somewhat kindred question in *Home Savings Bank v. Morris,* 141 Iowa, 560, and our conclusion there was that interest could not be recovered. Such is our conclusion now upon this statute.

*3. Same: overpayment of tax: interest.*

If we turn to the stipulation of parties whereby the plaintiff protected her right to sue without prejudice be-

cause of the payment of the amount demanded, such stipulation makes no provision for interest; and, if it did, it may well be questioned whether the officers who were representing the state of Iowa in such a stipulation could bind the state to the payment of interest in the absence of statutory provision. Therefore in the final computation of the amount due plaintiff, interest on the overpayment should be eliminated.

We will not undertake to enter into a mathematical computation of all the items involved. We have indicated our approval of the basis of computation contended for by the plaintiff. This basis being adopted there is no apparent controversy left between the parties except the item of interest above stated. The widow is entitled to take as exempt one-third of $43,762 equaling $14,587.33. Out of the remaining $29,174.67 there should be deducted as *pro rata* share of the indebtedness $4,262. This leaves a balance of $24,912.67. From this balance there should be deducted the value of the plaintiff's life estate; and the balance remaining is conceded to be subject to the collateral inheritance tax. The appellee in argument has submitted for our consideration the following computation. We set it forth herewith as indicating the proper basis of computation:

| | | |
|---|---|---|
| Now the whole estate was...... | | $167,371.00 |
| Widow's one-third thereof ...... | $55,790.33 | |
| Total debts ................. | 16,300.00 | |
| Total legacies ............... | 43,700.00 | 115,790.33 |
| Widow's remainder for life .... | | $ 51,580.67 |

But this is the remainder of the whole estate, and only the proportionate share of it should be deemed the remainder of the Iowa property, thus:

| Whole Estate. | Iowa Estate. | Whole Remainder. | Iowa Remainder. |
|---|---|---|---|
| $167,371 | $43,762 | $51,580.67 | $13,458.91 |

It is the value of this Iowa remainder, $13,458.91, from the date of the death of the decedent to the end of the widow's expectancy, that should be exempted from the tax. According to a stipulation attached to the submission the Treasurer of State certified that each dollar of the estate in which the widow had a life interest had a value of $0.41274. This makes the value of her life interest in the Iowa remainder, $5,555.03.

Now, we found above that but for the value of the widow's life estate in the Iowa remainder, the amount that should have been subjected to the collateral inheritance tax would have been $24,912.67. Deducting the value of the widow's life estate in the Iowa remainder, $5,555.03, and we have $19,357.64, which is the sum that should have been subjected to the tax. Five percent (the tax) on this sum is $967.88. Interest on this last sum at eight percent from May 15, 1907, fifteen months after decedent's death, to April 21, 1908, when payment was made, would be $72.26, making a total that plaintiff should have paid of $1,040.14. But she actually did pay tax, $1,975, interest, $148.25—total, $2,123.25. Deduct what she should have paid, $1,040.14, leaves the amount overpaid, $1,083.11.

We do not attempt to verify the mathematical correctness of the above computation. We make no finding that the total legacies amount to $43,700. This fact does not appear upon the record proper. If such sum total be hereafter found correct, we observe no error in the computation except as to interest. But the question of computation is nevertheless left open for the final action of the trial court upon remand of the case.

Through error in computation and by inclusion of interest, the trial court ordered a refund of $1,429 which is

manifestly too large an amount. The order of the trial court will, therefore, be modified to the extent of correcting the errors herein indicated, and the case will be remanded for the further action of the trial court unless the parties can agree upon a computation here. In such event, judgment may upon motion be entered here.—*Modified and affirmed.*

DEEMER, J., concurs in the result.