# STATE EX REL. LYNDON A. SMITH v. PROBATE COURT OF COUNTY OF ST. LOUIS AND ANOTHER.[1]

October 5, 1917.

No. 20,600.

**Inheritance tax — cost of tombstone an administration expense.**

> The expenditure by an executor, with the approval of the probate court, of a reasonable sum to provide a suitable tombstone upon the grave of the deceased, is an expense of administration of the estate, and the amount so expended is not subject to an inheritance tax under G. S. 1913, § 2271.

Upon the relation of Lyndon A. Smith, Attorney General, this court granted its writ of certiorari directed to the probate court for St. Louis county to review the proceedings in that court, Gilpin, J., determining the amount of the inheritance tax in the matter of the estate of William T. Bailey, deceased. Affirmed.

*Lyndon A. Smith,* Attorney General and *Egbert S. Oakley,* Assistant Attorney General, for relator.

*Baldwin, Baldwin & Holmes,* for respondents.

HALLAM, J.

William T. Bailey died testate leaving an estate inventoried at $58,601.45. He left surviving a widow, the sole beneficiary under the will. The sum of $7,000 was allowed by the probate court, without

[1]Reported in 164 N. W. 365.

testamentary provision therefor, for the erection of a tombstone upon the grave of deceased. The probate court treated this as an expense of administration and not a part of the estate subject to inheritance tax. The state asks a review of the ruling upon certiorari. It claims this amount is subject to taxation.

We agree with the probate court. The statute imposes a tax upon "any transfer of property * * * when the transfer is by will." G. S. 1913, § 2271. It does not impose a tax upon money used to pay expenses of administration. There is no question as to the reasonableness of the amount expended for the tombstone, and the question in the case is this: Is the expenditure by the executor, under allowance by the probate court, of a reasonable sum for a tombstone, a proper expense of administration?

It is quite generally held in the case of solvent estates that the necessary cost of a reasonable tombstone placed at the grave of a deceased person is properly classed as funeral expenses or expenses of administration which may be allowed to an executor or administrator in settlement of his account. Pease v. Christman, 158 Ind. 642, 64 N. E. 99; Ferrin v. Myrick, 41 N. Y. 315; Van Emon v. Superior Court, 76 Cal. 589, 18 Pac. 877, 9 Am. St. 258; Spire v. Lovell, 17 Ill. App. 559; Griggs v. Veghte, 47 N. J. Eq. 179, 19 Atl. 867; Kroll v. Close, 82 Oh. St. 190, 92 N. E. 29, 28 L.R.A.(N.S.) 571. It has been so held even when no provision is made in the will therefor. Webb's Estate, 165 Pa. St. 330, 30 Atl. 827, 44 Am. St. 666. The propriety of the expenditure and the amount of it, it is said, should rest largely in the discretion of the probate court. Fairman's Appeal from Probate, 30 Conn. 205; Crapo v. Armstrong, 61 Iowa, 697, 17 N. W. 41.

In some cases, in which provision is found for such expenditure in the will, it has been held to be a proper expense of administration and not subject to an inheritance tax. Morrow v. Durant, 140 Iowa, 437, 118 N. W. 781, 23 L.R.A.(N.S.) 474, 17 Ann. Cas. 850. See also In Re Edgerton's Estate, 35 App. Div. 125, 54 N. Y. Supp. 700; Id. 158 N. Y. 671, 52 N. E. 1124; In Re Fay's Estate, 62 Misc. 154, 116 N. Y. Supp. 423; In Re Maverick's Estate, 135 App. Div. 44, 119 N. Y. Supp. 914; Ross, Inheritance Taxation, § 276.

No case is cited to us where this question has arisen as it does here in the absence of any provision in the will. It seems to us, however, that

the principle is the same. The terms of the will might be quite material in determining the propriety of the expenditure, but, if such expenditure is in fact made, the terms of the will mean nothing in determining whether the expenditure does or does not constitute an expense of administration. If it is an expense of administration in one case, it is in another.

We think on principle, as well as on authority, the expenditure under order or with the approval of the probate court, of a reasonable sum for a suitable tombstone to be placed upon the grave of the deceased should be considered an expense of administration of his estate. We so hold. It follows that the amount so expended is not subject to inheritance taxation.

Order affirmed.