### IN RE ESTATE OF IDA M. WATERMAN.

ELLA WATERMAN DAVENPORT, Executrix, Appellee, v. W. J. BURBANK, Treasurer of State, Appellant.

**TAXATION**: Inheritance Tax—When Final Receipt Due. An admission by the state treasurer, by way of a demurrer, that an executor has paid all inheritance taxes due or to become due from him as such executor in the matter of said estate is a legal concession that the right to a final receipt from said treasurer has fully matured.

*Appeal from Union District Court.*—P. C. WINTER, Judge.

JUNE 23, 1922.

ACTION by the executrix, to require the treasurer of state to issue his receipt in full for all collateral inheritance tax due or to become due from her as such executrix. The defendant's demurrer to the petition was overruled. Defendant elected to stand upon his demurrer, and the court adjudged that said executrix, plaintiff herein, has paid in full the collateral inheritance tax on said estate, and any part thereof payable by her now or hereafter, and that she is entitled to a receipt in full from the treasurer of state for all of said tax; and ordered defendant to execute such a receipt, and that, in default thereof, the judgment be taken in lieu of such receipt. The defendant appeals.—*Affirmed.*

*Ben J. Gibson,* Attorney General, *B. J. Powers,* Assistant Attorney General, and *E. L. Carroll,* County Attorney, for appellant.

*Kenneth H. Davenport,* for appellee.

PRESTON, J.—1. The petition, entitled as in equity, alleges, and the demurrer admits, that decedent devised certain property to Harry Mason, the children of Harry Mason, and to Laura Battey, Darline Hicks, and John N. Webster, as well as to Isaiah Waterman, all of which property has been assessed for taxation under the collateral inheritance tax law of Iowa; that all tax due or to become due from plaintiff, as executrix of said estate, has been paid. It is contended by appellee that the claim of the State that there may hereafter, under certain contingencies, be due a further tax from collateral heirs, is based upon a provision of the will which creates a contingent remainder in lands, the tax upon which is, by the terms of the act, not made payable by the executrix. Code Supplement, 1913, Sections 1481-a11, 1481-a17, and 1481-a44.

Section 1481-a19 fixes the time when the receipt from the treasurer of state to the executor is due. The section provides, in substance, that no final settlement shall be accepted or allowed, unless it shall show and the court shall find that all taxes imposed by the provisions of this act upon any property or interest therein that is hereby made payable by such executor, etc., shall have been paid; and that any order contravening the provisions of this act shall be void. The admission that plaintiff, as executrix, has paid all tax due or to become due from her, as executrix, entitles her, as such executrix, to a receipt from the defendant, and alone justifies the finding and order of the district court. We do not understand appellant to seriously contend otherwise; but, as we understand it, the contention is that, by the order of the court, the rights of the state are foreclosed and not properly protected, in case a contingency should, in the future, happen, by which other collateral tax should become due. The case is affirmed on this ground alone, and other matters argued are left open, and not adjudicated.

2. Deceased, Ida M. Waterman, died testate, May 30, 1920. She left no surviving spouse, and left no other issue except her daughter, the executrix herein, Ella Waterman, now Ella Waterman Davenport. The daughter is the sole heir, and the sole residuary devisee. The will contains the following provisions:

"Second: I give, devise and bequeath to Isaiah Waterman, 160 acres in Union County Iowa, described, during the period of his natural life and at his death to go to and belong to his children absolutely, share and share alike, provided that should said Isaiah Waterman die without issue, then and in that case, I give and devise and bequeath said land in fee simple to Ella Waterman, my daughter. * * *

"Eighth: I give, devise and bequeath to Ella Waterman, all the rest and residue of any real estate of which I may die seized of whatever it may consist and wherever situated in fee simple, provided she shall not have the right to in any manner transfer or incumber the same or any part thereof, prior to January 1935, such transfer or incumbrance shall be absolutely

void, and after January 1935 her title to said real estate shall be deemed complete in fee simple."

Isaiah Waterman was childless at the time of the execution of said will, and has been ever since. After the death of said Ida M. Waterman, and after the admission of her will to probate, Ella Waterman Davenport conveyed to the said Isaiah, by quitclaim deed, all her right, title, and interest in the land before described, of every kind and nature, and whether in remainder or reversion. Appellee contends that, by virtue of said conveyance, the said Isaiah became, and still is, seized in fee of the premises, and that the life estate bequeathed to him merged therein, and ceased to exist; that the remainder devised to the unborn children of said Isaiah became and was wholly extinguished and destroyed; that the interest devised to the unborn children is not subject to any collateral inheritance tax. These questions present several questions of law, which have been presented with some elaboration, which, it seems to us, are unnecessary to be determined at this time, under the allegations of the petition that, because plaintiff, as executrix, has paid all the inheritance tax which she, as such, is now or ever will be liable to, she is, therefore, entitled to a receipt. Appellant contends that the land could not be conveyed until 1935; that Section 1481-a44, supra, provides that estates in expectancy which are contingent or defeasible are subject to the imposition of an inheritance tax; and that, when it is desired to remove the lien which the state has for a tax upon a contingent estate, the tax should be paid at the highest possible rate, subject to a refund in the event that the contingency defeats the passage of the estate to collateral heirs. In response to this, appellee says that restraints upon the alienation of a fee-simple title are void. *Davidson v. Auwerda*, 192 Iowa 1338. Appellee also contends that the life estate and the fee have been merged in Isaiah Waterman. It is doubtless the general rule that a merger of estates occurs when a greater and lesser estate unite in the same person, and no reason remains for their existence longer as separate estates; but such union does not, of necessity, create a merger. *Sherlock v. Thompson*, 167 Iowa 1. There might be some question whether a conveyance of this kind might be made

which would preclude the state from asserting its right to a tax hereafter, under contingencies which possibly might arise. To so hold might open the door to evasions. But, as said, these matters are not now determined. It seems to us that, since the first point herein is decisive of this appeal, it will be time enough to decide the other questions when, if ever, conditions should be such as that the state could claim an additional tax. If the matter is left open now, the interest of the state and all others will not, at this time, be foreclosed.

For the reasons stated in Paragraph 1 of the opinion, the case is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.