I. J. WATERMAN, Appellee, v. W. J. BURBANK, Treasurer of State, Appellant.

**JUDGMENT:**   Jurisdiction—Person and Subject-Matter—Future-Born Remaindermen. A life tenant of realty, under a will, who, claiming that he has acquired the fee, and had thereby excluded his unborn children from taking a contingent remainder in fee, as provided under the same will, may not, in an action against the state treas-

urer, be granted a decree to the effect that the treasurer shall, in some formal manner, acknowledge the plaintiff's fee title and the extinguishment of said intervening contingent remainder, with consequent extinguishment of any future claim on the part of the state to an inheritance tax under the said testamentary provision as to remainders.

**TAXATION:** Inheritance Tax—Liability. Principle reaffirmed that a 2 succession tax against one beneficiary may not be charged against the property to which another beneficiary succeeds.

**TAXATION:** Inheritance Tax—Nature of Tax. Principle reaffirmed 3 that an inheritance tax is a tax on the succession, and not on the property.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

OCTOBER 16, 1923.

THIS is a proceeding somewhat in the nature of a quieting title suit. Its objective is to adjudicate future nonliability for a collateral inheritance tax upon a possible succession to a contingent remainder purporting to have been created by the will of Ida Waterman. The treasurer of state is the sole defendant. He resists the relief prayed, and asks for an abatement of the action. There was a decree for the plaintiff, as prayed in the petition, and the defendant appeals.—*Reversed.*

*Ben J. Gibson,* Attorney-general, *B. J. Powers,* Assistant Attorney-general, and *E. L. Carroll,* County Attorney, for appellant.

*Kenneth Davenport,* for appellee.

EVANS, J.—Ida M. Waterman died testate on July 8, 1920, and left surviving her Ella Waterman, a daughter, as her only child and sole heir, and left no surviving spouse. By her will

1. JUDGMENT: jurisdiction: person and subject-matter: future-born remaindermen.

she purported to devise to Isaiah Waterman, plaintiff herein, a life estate in a certain quarter section of land in Union County. It is conceded, however, that she was, in fact, the owner of only an undivided one third of said land, and this measures the extent of the property involved in this controversy.

By the same paragraph in her will, she devised the remainder to the children of Isaiah Waterman, share and share alike, with a further proviso that, in the event of the death of Isaiah Waterman without issue, such remainder should go to her daughter, Ella Waterman, in fee simple. She also devised to her said daughter her residuary estate.

Isaiah Waterman was a collateral beneficiary of the estate of Ida Waterman. As such, he paid the collateral inheritance tax imposed upon his succession. No children have been born to him, either before the death of the testatrix or since. He is 36 years of age.

After the death of the testatrix, the plaintiff procured from Ella Waterman a purported conveyance of the fee title to the devised land. His contention is that, by such conveyance from Ella Waterman, he has united in himself both the life estate and the fee, and that he has thereby, under the doctrine of merger, extinguished the intervening contingent remainder of the unborn children of Isaiah Waterman, if any there should yet be. The predicate of his contention is that, because of the double aspect of the contingent remainder in fee of unborn children, the possibility of reverter of the fee remained in the estate of the testatrix, and passed to Ella Waterman, either as sole heir or as sole residuary devisee.

The demand upon the defendant, as treasurer of state, is that he shall, in some formal way, acknowledge the fee title of the plaintiff and the extinguishment of the intervening contingent remainders in fee of the unborn children, and in effect that he shall relinquish, on behalf of himself and his successors in office, all purpose or claim to collect in the future a collateral inheritance tax upon such property or the succession thereof, in the event that issue be born to Isaiah Waterman.

It will be seen from the foregoing that the suit is either premature or else it is essentially an indirect attempt to quiet title against the unborn children of the plaintiff. At the threshold, therefore, we are confronted with the question whether the record presents any controversy upon which a valid adjudication can be made *in præsenti*. This is the second suit which has been prosecuted by or on behalf of the plaintiff, with the same

objective.   The first suit failed to reach its objective.   See *In re Estate of Waterman,* 193 Iowa 1230.

The first suit was brought by the executrix of Ida Waterman, wherein she demanded of this defendant a receipt in full for all collateral inheritance taxes due or to become due from the executrix.   We held in that case that the defendant had received from the executrix all the collateral inheritance tax for which she could be held liable, and that she was entitled to a receipt accordingly.   But we refused to adjudicate in advance the rights and liabilities which might arise as to collateral inheritance taxes which might become due from contingent remaindermen, if they should be born.   Because of the limited scope of such adjudication, this suit has been brought on the theory that the title of plaintiff is beclouded by the attitude of the defendant as state treasurer, and by the existing uncertainty whether a collateral inheritance tax could be collected by the state in any event.   The state treasurer has no claim *now.*   He claims none.   If no children shall be born, he never will have any claim for such taxes.   He does not claim otherwise.   Suppose, therefore, that the decree entered below should stand, and that issue should be born to the plaintiff, would the decree against the state treasurer in this case be an adjudication of the title, as between the plaintiff and his children?   Manifestly not. Suppose further that the children should litigate with the plaintiff, and should obtain a favorable decree establishing their right to the remainder, subject only to the life estate of the plaintiff, would the future treasurer of state be precluded from collecting collateral inheritance tax from the remaindermen upon their succession?   If not, what function could the present decree serve?   With these preliminary suggestions, we proceed to a brief consideration of just what the rights, duties, and powers of the defendant are in the premises.

The defendant's office is administrative solely.   His duties are prescribed by the statute.   His only right is to perform his statutory duties.   This is likewise his only power.   Whatever liens are created are statutory.   The state official creates none of them.   Without power to create a lien, he has no power to relinquish one, except by receiving payment in discharge thereof. If there be no statutory lien as a matter of law, then the mental

attitude of the official will not create one. If there be such statutory lien as a matter of law, his voluntary relinquishment will not discharge it. A voluntary relinquishment now by this official, of any future claim by the state against contingent remaindermen yet to come into being, would not be effective to control the official duty of a future state treasurer, in the light of events yet to transpire. And if such relinquishment should be made under compulsion of a decree, the scope of its authority could not thereby be enlarged, for want of jurisdiction of a subject-matter not in existence at the time of entering the decree, and for want of jurisdiction of the parties then in interest or of their present privies.

We are not unmindful that the argument on behalf of the defendant contends for more than he is entitled to claim, and that such argument tends to cast a cloud upon all the property of the estate of Ida Waterman. This conten-

2. TAXATION: inheritance tax: liability.

tion, in substance, is that the state has a lien upon the entire estate of Ida Waterman in lump for whatever collateral inheritance tax may be due or may become due in any contingency upon any devise or succession provided for in the will. It has not. We recognize that the terms of the statute will bear such a construction. But we have uniformly construed this statute so as to save its constitutional validity. In the early history of this legislation, the constitutional validity of the statute was sustained on the ground that it provided a succession tax, and not a property tax; and that it could not be sustained as providing a property tax, because it would offend that provision of the Constitution requiring uniformity in taxation. *Herriott v. Potter,* 115 Iowa 648; *In re Estate of Stone,* 132 Iowa 136.

We have reiterated this pronouncement repeatedly in later decisions. *Morrow v. Durant,* 140 Iowa 437; *Wieting v. Morrow,* 151 Iowa 590; *Eddy v. Short,* 190 Iowa 1376.

Pursuant to such holding, we have held also that a succession tax against one beneficiary may not be charged against the property of another beneficiary, nor as against the estate as a whole, to the prejudice either of exempt beneficiaries or of those who have discharged in full their own obligation as takers of a succession. *Eddy v. Short,* 190 Iowa 1376.

We are not unmindful that there has been much amendatory legislation since some of these decisions were rendered, and that the present statute could, by a literal reading, readily be construed to run counter to these decisions. If the present statute be so read, it suggests that the framers of it have either overlooked or intentionally ignored our past pronouncement on the constitutional questions. We cannot think that there was an intention to ignore; for that would be to assume that the constitutional invalidity of a statutory proviso could be cured by reenactment, if only it be sufficiently emphatic. We have, therefore, consistently construed the statute, and have given full force and effect to all its provisions within constitutional limits, and have treated as nugatory such provisions as offend the Constitution.

3. TAXATION: inheritance tax: nature of tax.

When the statute, as so construed, is applied to the case before us, the plaintiff holds and will hold his life estate forever free and clear from any lien or charge, present or future, or in any event, for collateral or inheritance taxes upon any succession to remaindermen. His life estate, therefore, is in no jeopardy. Granted that he is in court claiming to hold the fee, and that such fee may be in jeopardy in favor of a collateral inheritance tax; but if such fee shall, by future events, become chargeable with a succession tax under collateral inheritance, it will be because the plaintiff has failed to sustain his claim of ownership thereto. Whereas, if the plaintiff holds the title to the fee under his present acquisition and claim thereto, he will hold it free from any collateral inheritance tax. If, in the event of issue born, he fails to substantiate his claim to the fee, and thereby loses it, it will then become subject to a charge for a succession tax, not as against the plaintiff, but as against his adversaries. The possibility of a collateral inheritance tax will not jeopardize the plaintiff's title to the fee, if he has one. His controversy will be not with the treasurer of state over the collateral inheritance tax, but with the after-born remaindermen, over the title to the fee. It follows that neither plaintiff's title to his life estate nor his claimed title to the fee is jeopardized or beclouded by any claim or mental attitude of the treasurer of state's with reference to the alleged right of the state of Iowa

in the future to collect a succession tax from the remaindermen, if they come into being. If, when they come into being, they have been wholly precluded from taking the succession to the fee, there can be no succession tax. On the other hand, if they be entitled to take such succession, notwithstanding the proceeding of alleged merger, then they will be chargeable with a succession tax, and plaintiff will have no interest in the question.

We hold therefore:

(1)   That the question of plaintiff's claimed title to the fee cannot be adjudicated in this proceeding.

(2)   That the defendant official has no lien or claim for any tax upon the property of the plaintiff, whether such property be an estate for life or an estate in fee.

(3)   If issue be hereafter born to the plaintiff, and if they shall successfully claim and take the remainder in fee, as provided in the will, they and their property so taken will become properly chargeable, respectively, with a succession tax.

(4)   That the right of the state of Iowa to claim such succession tax in such event is one which the defendant has no present power to relinquish.

For the reasons and on the grounds herein indicated, plaintiff's petition should have been dismissed, without any purported adjudication of plaintiff's claimed title to the fee, and without any adjudication adverse to the defendant or to the state of Iowa on the question of possible right to collect a succession tax against the remaindermen in the future, if they come into being.

The decree entered below is, accordingly, reversed, and final decree may be entered in this court.—*Reversed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.