[Civ. No. 10351. Second Appellate District, Division One.—April 20, 1936.]

EMIL G. SEITZ, Respondent, v. CARL ENGERT, as Administrator, etc., Appellant.

J. Marion Wright for Appellant.

Will H. Light for Respondent.

ROTH, J., *pro tem.*—Mima G. Engert was the surviving wife of Joseph Engert, deceased. By the will of said deceased, Mima was appointed co-executor of his estate, Security-First National Bank of Los Angeles being the other executor. During the time that Mima acted as the qualified executrix of said estate, she signed a contract to have a monument erected over the grave of her deceased husband. The will did not require or request that a monument be erected. The probate court did not approve said contract and it was not signed nor agreed to by the other executor, to wit, Security-First National Bank. The contract itself dated April 25, 1930, was made between plaintiff and "Estate of Joseph Engert", and it is signed by Mima G. Engert with no words indicating that she was acting for the estate, or descriptive of her as executrix thereof. During her lifetime, work on the monument having been completed and thereafter approved and accepted by Mima, as per the contract, she as an individual was sued by plaintiff herein for the purchase price. During the pendency of the suit Mima died. Thereafter, an amended complaint was filed in which Carl Engert, as administrator with the will annexed of the estate of Joseph Engert, deceased, was substituted as a defendant, the Security-First National Bank, theretofore and during the lifetime of Mima, having resigned as co-executor of said estate. No claim was filed by plaintiff at any time against the estate. Judgment was rendered against Carl Engert, as administrator with the will annexed of the estate of Joseph Engert, deceased, and the question herein presented is whether the facts recited will sustain the judgment.

It may be conceded that a monument may be erected and charged as a part of the funeral expenses, even though there is no express direction or request to that effect in the will. (Secs. 21 and 22, Act 1288, Stats. 1931, p. 2434; vol. I, Deering's Gen. Laws (1931 ed.), pp. 602, 603; *Estate of Koppikus*, 1 Cal. App. 84, 87 [81 Pac. 732]; *Estate of Bruggemeyer*, 115 Cal. App. 525 [2 Pac. (2d) 534]; *Van Emon* v. *Superior Court*, 76 Cal. 589 [18 Pac. 877, 9 Am. St. Rep. 258].) Neither is there any doubt that the probate court has power to authorize the erection of a monument commensurate with the estate of deceased and fitting to the situa-

tion in life of deceased, and to order payment therefor from the estate. (*Estate of Bruggemeyer, supra; Estate of Weringer,* 100 Cal. 345 [34 Pac. 825].)

In this case no permission was requested of the court and none was granted. If the monument be considered a proper part of the funeral expenses, it should have been included in a claim presented against the estate. No such claim was presented, as required by section 707 of the Probate Code, and no action could be commenced thereon in the absence of presentation and filing of such a claim. (11A Cal. Jur., p. 690 et seq., p. 728 et seq.; sec. 716 of the Probate Code; *Estate of Cates,* 195 Cal. 319 [232 Pac. 972]; *Dugan v. Magnus,* 107 Cal. App. 243 [290 Pac. 309].)

The judgment is reversed.

Houser, P. J., and Doran, J., concurred.