# CHARLESTON.

ARBOGAST *et al v.* McGRAW *et al.*

Submitted June 23, 1899—Decided December 2, 1899.

1. COURTS—*Discretion—Commissioners Removal.*

The circuit court has absolute control over its commissioners, with the power to appoint and remove at its discretion; and unless such discretion is plainly abused, to the prejudice of the parties to the litigation, the court cannot interfere therewith. (p. 264.)

2. COMMISSIONER'S APPEAL.

A special commissioner removed by the circuit court without notice or good cause shown cannot appeal from the decree removing him. (p. 264.)

3. COMMISSIONER'S REPORL—*Exceptions—When Taken.*

Unless exceptions are taken to a commissioner's report auditing an account in the circuit court, no appeal will lie from the decree confirming the same. as section 7, chapter 129, of the Code, as amended in chapter 43, Acts 1897, authorizes the making of such exceptions "at the first term of the court next after the term to which the same is filed, or by leave of the court at any subsequent term." (p. 265.)

Appeal from Circuit Court Pocahontas County.

Bill by J. C. Arbogast against John T. McGraw and others. From the decree, and from an order dismissing R. S. Turk as special commissioner, Turk and plaintiff appeal.

*Affirmed.*

Brown, Jackson and Knight, for appellants.

Payne & Payne, Revercomb & McAllister, and H. L. Garrett, for appellees.

Dent, President:

R. S. Turk appeals from two decrees of the circuit court of Pocahontas County in the chancery causes of R. S. Turk, special commissioner, and others, against John T. McGraw and others, bearing date respectively on the 19th day of June, 1897, and on the 9th day of October, 1897, and assigns errors as follows, to wit:

First. The setting aside of the agreed decree of June 19, 1897. This was done at the same term when the whole matter was in the breast of the court.

Second. In dismissing petitioner as special commissioner from the causes without notice, and in dismissing him at all. The circuit court has absolute power over the appointment and removal of its commissioners. And, as long as no litigant complains thereof or is aggrieved thereby, it may appoint and remove them at its pleasure, with or without cause for so doing, and this court has no appellate jurisdiction therein. Neither is such commissioner a party to the suit, nor has he any right to appeal from a decree removing him. The circuit court's method of removing him may be highly reprehensible, and apparently unjust to him, in removing him without notice or hearing; but it is a rule unto itself in such matters, and is subject to the control of no higher authority.

Third. In appointing a special receiver in the causes without notice to J. C. Arbogast, administrator of William Skeen, deceased. This is a matter in which the circuit court has a nonappealable discretion, and unless such discretion is plainly abused this Court will not interfere. It is also a matter about which the appellant has no right to complain. He is not a party to any of the causes, except as special commissioner, and this commissionership has been taken from him.

Fourth. In ordering a sale of the lands in the suits without requiring the special commissioners to give bond, and in undertaking to sell by joining the receiver with the commissioners, and substituting his bond, as seems to

have been done or attempted. This is another matter of which the appellant has no right to complain.

Fifth. In entering any decree after the agreed decree of the 17th, and especially in the absence of all but one of the counsel. The disposal of the preceding errors disposes also of this.

Sixth. In dismissing the petition filed by petitioner at the October term of said court, 1897. This was a petition filed solely for the purpose of being reinstated as special commissioner. The court had the discretion to reject it, and from such discretion there is no appeal.

Seventh. In confirming the report No. 6 of Commissioner Scott, and in its condition acting on it at all. Eighth. In decreeing against this petitioner any sum of money without a day in court, and especially in decreeing a sum based on Commissioner Scott's report. Ninth. In decreeing against petitioner, as special commissioner, the sum that was decreed. These three last assignments are subject to the same answer: There have never been any exceptions filed to Commissioner Scott's report in the circuit court. Section 7, chapter 129, of the Code, as amended in chapter 43, Acts 1897, provides that "any party may except to such report at the first term of the court next after the term to which the same is filed, or by leave of the court at any subsequent term thereof." If the appellant has any just exception to such report, he may yet take advantage of it in the circuit court, and until he has done so he cannot appeal to this court. He must exhaust his rights without relief therein first.

The assignment of error by J. C. Arbogast, administrator, that he is unjustly deprived of his commissions, amounting to three hundred and ninety dollars and forty-one cents, and other expenses, is also a matter that has not been properly presented to, and passed on by the circuit court.

It is therefore plain that while the appellants may have serious grievances against the circuit court and the opposing counsel, connected with this litigation, they have no just legal grounds for an appeal to this court. The decrees are affirmed.

*Affirmed.*