# CHARLESTON.

CAMPBELL *et al.* v. CHARLESTON STREET RAILWAY CO. *et al.*

Submitted December 16, 1913. Decided January 14, 1914.

1. APPEAL AND ERROR—*Receivers—Compensation—Discretion.*

   The allowance of compensation to a receiver is a matter within the sound discretion of the court having the receivership in charge, and on appeal the decree of allowance will not be disturbed unless it is plainly unwarranted. (p. 493).

2. RECEIVERS—*Expenses—Reimbursements.*

   Such reasonable amounts expended by a receiver as are proper, essential, and necessary in the due and ordinary execution of his office may be refunded to him. (p. 495).

Appeal from Circuit Court, Kanawha. County.

Suit by J. D. Campbell and others against the Charleston Street Railway Company and others. Decree for plaintiffs, and defendant the Kanawha Valley Bank appeals.

*Affirmed.*

*Brown, Jackson & Knight,* for appellant.

*E. B. Dyer,* for appellees.

ROBINSON, JUDGE:

On this appeal there is but a single question—the propriety of a decree allowing compensation and expenses to a receiver. Appellant, a creditor of the concern for which the receiver was appointed, contends that the decree is unwarranted and that the allowances are excessive.

In this state the allowance of compensation to a receiver is a matter within the sound discretion of the court which appointed him and which has control of the receivership. That discretion of course must be exercised under the facts and circumstances of the particular case, and is subject to review on appeal. *Crumlish's Adm'r.* v. *Railroad Co.,* 40 W. Va. 627. The appellate court, however, will ordinarily defer much to the judgment of the court making the allowance, and will not disturb its action unless the same is manifestly wrong. 34 Cyc. 477. In this connection it has been said by the Supreme Court of the United States: "Like all questions of costs in courts of equity, allowances of this kind are largely

discretionary, and the action of the court below is treated as presumptively correct, since it has far better means of knowing what is just and reasonable than an appellate court can have." *Stuart* v. *Boulware,* 133 U. S. 78.

From a thorough review of the facts and circumstances in the case at hand, the setting forth of which in detail we deem unnecessary, it does not appear that the court below abused the discretion which it had in the premises. The amount of compensation allowed may seem large, but we can not say that there is no basis for such an amount and that the allowance of the same is manifestly wrong. There is evidence warranting it. If the question had been an original one with us, we might have fixed a smaller amount. But even if we would have fixed smaller compensation as an original proposition, that does not justify us in disturbing the amount fixed by the court below in the exercise of a discretion which does not appear unwarranted. *Cake* v. *Mohun,* 164 U. S. 311.

As a basis of complaint against the allowance, appellant submits that the receiver acted imprudently and in bad faith in the execution of his duties. Upon the whole, we do not find this sustained. Appellant also says that the receiver has not properly accounted. Since the time of the decree allowing compensation to him, proceedings have been prosecuted by appellant calling him to an accounting. It is alleged that he has not complied with orders in those proceedings. But at the time of the decree which we have under review he was not in default. At that time he had ended the business of the receivership, and had made a settlement before the commissioner, which fully disclosed the funds in his hands. No order prior to the time of the decree had been neglected by the receiver. We must review the decree as of the time the court below made it. We can not resort to subsequent matters to reverse it. We may only consider the record on which the court below acted in making the decree. At the time of the decree there was no charge against the receiver for failure to account. The court had no such consideration before it. It could reasonably assume that the funds were amply secured in the receiver's hands by his bond, and award therefrom compensation to him. Indeed it does not appear by anything shown subsequent to the time of the decree that the funds are

not quite as safe as they ever were in the hands of this receiver. It is not usual to condition an allowance of compensation to a receiver on his immediately turning over the balance of the funds. If he has done the work and kept the trust, he should have compensation out of the funds; then for any dereliction in accounting thereafter for the residue the court has ample remedy.

As to the expenses allowed the receiver, it would seem that under the facts and circumstances they are reasonable, and such as were "proper, essential, and necessary in the due and ordinary execution of the office, and such as were contemplated in his appointment and according to the nature of his business." *Crumlish's Adm'r. v. Railroad Co., supra.* It is true that he did not produce vouchers therefor, but we are of opinion that the proof of these expenses justified their allowance. Again the presumption is in favor of the judgment of the court having the receivership in charge.

An order will be entered affirming the decree.

*Affirmed.*