# CHARLESTON.

JASON HYRE, *et als. v.* JULIAN M. JOHNSON, *et als*

(No. 6406)

Submitted May 14, 1929.   Decided May 21, 1929.
(Petition for rehearing denied July 18, 1929.)

*Brown, Jackson & Knight, Price, Smith & Spilman,* and *Lilly & Lilly,* for appellants.

*Rummel, Blagg & Stone, H. R. Anderson* and *Leo Loeb,* for appellees.

*H. W. Bowers,* for Gilchrist.

HATCHER, JUDGE:

This is a general creditors' suit against Julian M. Johnson. The appeal involves the compensation allowed Marion Gilchrist, as receiver; the several amounts allowed R. E. McCabe,

Staige Davis and H. W. Bowers, as attorneys; the payment of $200.00 a month to Johnson by the receivers; and the appointment of Bowers as special commissioner to sell the debtor's property.

R. E. McCabe was employed by Johnson to represent him in certain litigation and his fee fixed at $1,500.00 before the receiver was appointed. A note secured by a deed of trust was given by Johnson to secure the fee. Mr. McCabe performed the services contracted for. His claim was presented to and allowed by the commissioner. It was the result of fair bargaining between him and Johnson. We see no reason to disturb it.

Fifteen hundred dollars was allowed Staige Davis, as an item of the receiver's costs, for representing Johnson in the case of Johnson v. Johnson. Mr. Davis had been employed by Johnson, and in conjunction with Mr. McCabe had prepared the case for hearing in the circuit court, prior to the appointment of the receiver. Because of the familiarity of Mr. Davis with the case, the receiver requested him to assist in presenting the case to the circuit court and later to this Court on appeal, which he did. There is no evidence apportioning the value of his services under his employment by Johnson and their value under the receiver. Mr. Davis is not entitled to have the services performed under his initial employment included in the costs of the receiver. Therefore the allowance of his claim in full was error.

The receiver is a practicing attorney. He requested and was allowed a lump sum of $6,500.00 for his services. Allowances to a receiver are within the sound discretion of the trial court, subject, however, to appellate review. *Crumlish Admr.* v. *Rr. Co.*, 40 W. Va. 627; *Hartley* v. *Woodenware Co.*, 82 W. Va. 780. The decree appointing him directed that he take charge of Johnson's real estate and collect the rents and royalties; that he take charge of all pending litigation against the real estate, and that he institute suits and do all things necessary to clear the title of the real estate. His report shows that he had collected rentals approximating $21,500.00. Only one suit against the real estate is specifically named in his report, that of Mayer v. Johnson. He says he defended Johnson in that suit. He reports in a general way redemp-

tions of real estate from tax delinquencies; that he defended Johnson in numerous suits brought on notes given by Johnson; and that he expended much time in suppressing notes given without consideration by Johnson. We find no warrant at law or in the decree appointing the receiver for his representation of Johnson in any suit except one which directly affected Johnson's real estate. As a material part of his claim is based on services in relation to Johnson's notes, it was also error to allow his claim in full. Reports of receivers requesting the allowance of compensation and costs should give details so that the court may be fully informed of the amount of services performed. A generalization of services is not favored. *Hartley* v. *Woodenware Co., supra,* p. 797. A receiver is entitled to a reasonable compensation for his services. But the allowance should be made "with a jealous regard for the rights of all concerned." *Eames* v. *Claffin Co.,* 231 Fed. 693. 696. The measure of a reasonable fee is, by analogy, the amount the law allows other officers for performing similar duties. *Speiser* v. *Bank,* 110 Wis. 506. Where the law furnishes no measure by comparison the receiver will be entitled to the fee ordinarily paid for similar services. *Campbell* v. *Ry. Co.,* 73 W. Va. 493-4; 23 R. C. L., p. 137, sec. 147; 34 Cyc., pp. 470 to 477, inclusive.

H. W. Bowers was the attorney for defendant Johnson and filed his answer and procured for him the monthly allowance of $200.00. Bowers was then appointed by the receiver as his attorney. The receiver recommended, and the court allowed Mr. Bowers $7,500.00 for his services in the case. It is a general rule of equity practice that the attorney for the debtor should not be appointed attorney for the receiver. If such appointment is made, the attorney should ordinarily be compensated only for "advising the receiver with reference to the routine details of his administration." Tardy's Smith on Receivers (2nd Ed.), Sec. 631; Beach on Receivers, sec. 274; High on Receivers (4th Ed.), sec. 806; Pomeroy Eq. Juris. (4th Ed.), sec. 1627, p. 3830. The reason for the rule is obvious. The receiver is appointed on behalf of all the parties in interest and not for the benefit of the debtor only. Story Eq. Juris., (14th Ed.), sec. 1145; Pomeroy, *supra,* sec. 1575; *Lazear* v. *Foundry Co.,* 65 W. Va. 105. It is manifestly

unfair to the other parties for the receiver to be guided by an attorney whose primary duty is to protect the interests of the debtor.

The report of the commissioner does not attempt to detail the services of Mr. Bowers, but makes only general references thereto in connection with suits against Johnson and against Johnson's property. The clause in the decree which authorized the receiver to employ counsel is as follows: "And the said Special Receiver is hereby authorized to employ counsel to represent and assist him in all litigations now pending against the said Julian M. Johnson in which the title to his said real estate is being attacked or might encumber the same or any part thereof." It therefore appears that the right to employ counsel was limited to litigation then *pending* against the real estate of Johnson. But even that power cannot be construed as conferring on the receiver an arbitrary right to employ counsel in pending litigation. A receiver who is an attorney is not expected to render legal services to the estate within his custody unless he is so directed by the court. Such a direction implies a purpose to save "a duplication of fees." Tardy's *supra,* sec. 632. Beach, *supra,* sec. 772; High, *supra,* sec. 808; Pomeroy, *supra,* sec. 1627, p. 3831. It necessarily follows that the authority of Mr. Gilchrist to employ counsel was meant to be exercised only in exceptional cases. Why empower him to employ another to do the very things he himself had been directed to do and which he was capable of performing? It was his plain duty to use diligence in keeping down counsel fees. *Bailey* v. *Glormine,* 88 N. J. Eq. 254. The report says that Mr. Bowers assisted in the defense of Johnson in the Mayer case. As Johnson was already represented in that case by Messrs. McCabe and Davis, both competent attorneys, why was it necessary to employ Mr. Bowers also? The report shows no exigency warranting his employment. We cannot infer that such an exigency existed. The report further states that Mr. Bowers assisted the receiver in all the litigation affecting Johnson. The decree gave the receiver no authority to have Johnson generally represented by counsel. Consequently, it was also error to allow the claim of Mr. Bowers in full. "If a receiver

undertakes to do things which are outside of the authority conferred upon him, he cannot charge the estate in his hands with the expenses incurred therein, and if he employs counsel in such undertaking he will not be allowed the fees incurred therefor." *Henry* v. *Henry,* 103 Ala. 582.

The appellees contend that as the creditors made no objection to the work of the receiver and his attorney while it was in progress and as such work benefited them they are now estopped to protest payment therefor out of the estate. This contention overlooks the fact that as attorneys, both Mr. Gilchrist and Mr. Bowers had the right to bestow their services at pleasure, without interference from the creditors. Mr. Bowers being the attorney of record for Johnson, why should the creditors object to his serving Johnson? Mr. Gilchrist had the right to practice his profession outside of the receivership. What duty obligated the creditors to object to him when so doing? The creditors' rights were not involved until the receiver demanded payment for services to Johnson, which were unauthorized by the receivership. Their objections were then promptly made.

So far as the record discloses, the parties interested in the funds to be distributed had no notice of the allowances demanded by the receiver for himself and the attorneys. The creditors should have had this notice. *City Bank* v. *Bryan,* 76 W. Va. 482; 22 Stand. Ency. Proc. 393-4; High, *supra,* sec. 805, p. 959.

The monthly payment of $200.00 to Johnson was made under an order of the court entered February 19, 1925. No appeal was taken from that decree. Consequently, section 3, Chapter 135, Code, forbids consideration of the propriety of that allowance now, no matter how anomalous it may seem. See *Kearfoot* v. *Dandridge,* 45 W. Va. 673. Besides, the receiver is protected personally by the order of the court. 23 R. C. L., pp. 79, 80.

Upon the entry of the final decree below the monthly payment to Johnson was suspended. He filed a brief assigning that suspension as error. No right of his under that decree is attacked by the appellants. He stands on "distinct and unconnected grounds" from them and is not equally affected

with them by the decree. He has not joined with them in opposing the items in the decree of which they complain. His cause has nothing in common with theirs. Therefore their appeal does not bring up his rights for adjudication. *Vance Shoe Co.* v. *Haught,* 41 W. Va. 275, 282; *Bowlby* v. *DeWitt,* 47 W. Va. 323.

A material per cent of the creditors, including the plaintiff, joined in requesting the appointment of their attorney as one of the commissioners to sell the debtor's property. Their attorney is a fit person in every way to act as such commissioner, and no reason appears why the above request should have been entirely ignored. It is the "constant practice of courts" to appoint as commissioner to make a judicial sale, the counsel of the parties "having the carriage of the general proceedings." *Goddin* v. *Vaughn,* 14 Gratt. 102, 127; Daniell's Chancery Pleading & Practice, 6th Am. Ed. 1251 (*1267); Barton's Chancery Practice (3rd Ed.) 881-2; Hogg's Eq. Pro., Carlin's Ed., sec. 698. Therefore it should not be disregarded lightly. The attorney for the debtor may with propriety be made a co-commissioner where it appears that the sale will produce a surplus over the indebtedness. But it is the general practice not to appoint the attorney of the debtor as sole commissioner. *Mishawaka Mfg. Co.* v. *Nelson,* 96 W. Va. 617, 627. Nevertheless the court appointed Mr. Bowers in that capacity, except as to one tract of land. The appointment of a commissioner has been declared to be within the sound discretion of the trial court. *Arbogast* v. *Arbogast,* 47 W. Va. 263. But that decision clearly recognizes the right of appellate review if that discretion is arbitrarily exercised. See opinion in *Fisher* v. *Lynch,* decided concurrently with this case. Mr. Bowers was to serve as commissioner without compensation (because of the other allowance made him), and it is urged that his appointment is warranted thereby. The sale of the debtor's property is of such vital importance to the creditors that even gratuitous service by the attorney of the debtor cannot justify committing the sale exclusively to him and refusing the creditors representation therein.

The decree of the circuit court will accordingly be reversed

as to its rulings herein held to be erroneous, and the cause is remanded.

*Reversed and remanded.*