# CHARLESTON.

Owen Fisher *et al. v.* William B. Lynch *et als.*

(No. 6297)

Submitted May 15, 1929.     Decided May 25, 1929.

*R. A. Blessing* and *George M. Ralphsnyder*, for appellants. *Harvey W. Harmer, L. H. Barnett* and *Hogg & Hogg*, for appellees.

MAXWELL, JUDGE:

This appeal involves the question of the right of a circuit court to remove or supplant, without notice, a special commissioner who has been appointed by the court to make sale of real estate, pending the discharge of his duties as such commissioner.

The primary purpose of this suit was for the partition of the real estate of which Adolphus Armstrong of Taylor county died seized, and the court having ascertained that the said real estate was not susceptible of partition in kind and that it would be to the best advantage of the parties in interest that the same be sold, entered a decree of sale on the 13th day of January, 1926, appointing Dean Charles E. Hogg, special commissioner, to make the sale. By decree of May 14, 1926, the decree of sale was modified to the extent of including I. C. Ralphsnyder as a commissioner along with Dean Hogg. In the fall of the same year, the said commissioners advertised the real estate for sale but the sale was continued in order that certain abstracts of title might be made. Various delays ensued, and on the 8th day of September, 1927, Dean Hogg resigned as such commissioner and the court appointed in his stead Robert L. Hogg as a co-commissioner with the said I. C. Ralphsnyder, and directed that the said two special commissioners "do proceed to sell immediately all the property mentioned and described in the bill in, this cause." The decree contains this provision also: "The said commissioners shall sell said tracts separately and when they shall have received a bid for any tract which they deem a reasonably fair price the same shall be knocked down and sold to such bidder; or said commissioners may group any two or more adjoining tracts; if there be such, and offer and sell the same together to the highest bidder." The decree further provided "that either one of the said commissioners may act alone, in the event of the absence of or the failure of the other

to act in all respects in conformity to the requirements of this decree." The commissioners, after having executed a joint bond in the penalty required by the court, advertised the property for sale at the front door of the courthouse of Taylor county on the 17th day of October, 1927, and on that day proceeded to offer the said property, consisting of many parcels, for sale at public outcry. The respective properties were "knocked down" to the best bidders therefor. On the 21st day of November, 1927, commissioner Robert L. Hogg made a report of said sale to the court and recommended that the same be not confirmed because of gross inadequacy of price. The court acted upon the commissioner's recommendation and denied confirmation. Thereupon, by decree of said date, the court directed the commissioners to re-advertise the properties for sale at public outcry, upon the terms and conditions theretofore prescribed by the court. On the 16th day of May, 1928, Commissioner Hogg filed his affidavit with the court alleging, among other things, a lack of cooperation on the part of his co-commissioner, Ralphsnyder, and stating that affiant had therefore proceeded alone under the terms of the decree of September, 1927, had executed separate bond, and had given notice of sale in his name as sole commissioner, for the 25th day of May, 1928. On the same day that the said affidavit was filed the court, without notice to commissioner Ralphsnyder, entered a decree confirming the acts of commissioner Hogg and directing him, as sole commissioner, to proceed with the sale of the land. On the 24th day of May, 1928, upon petition of William M. Ralphsnyder and Isaac C. Ralphsnyder, this appeal was awarded by one of the Judges of this Court in vacation. By the above mentioned decree of sale, January 13, 1926, William M. Ralphsnyder was adjudicated to be the owner of fifty-two and two-ninths per cent. and Isaac C. Ralphsnyder of four and one-sixth per cent. of the said Armstrong real estate.

Special commissioners appointed for the purpose of making sale of real estate are officers of the court,—"arms of the court",—and as such are subject to removal by the court. In large measure they are subject to the same rules of law which apply to appointive officers generally, who serve at the

will and pleasure of the appointing power. "The general rule is, that where a definite term of office is not fixed by law, the officer or officers, by whom a person was appointed to a particular office, may remove him at pleasure, and without notice, charges, or reasons assigned." Throop on Public Officers, sec. 354. "In those cases in which the office is held at the pleasure of the appointing power, and where the power of removal is exercisable at its mere discretion, it is well settled that the officer may be removed without notice or hearing." Mechem's Public Offices and Officers, sec. 454. These texts are well supported by the decisions. *State ex rel. Denison* v. *City of St. Louis*, 90 Mo. 19; *Holley* v. *Mayor*, 59 N. Y. Rep. 166; *Ex parte Hennen*, 13 U. S. 230. In our case of *Arbogast* v. *McGraw*, 47 W. Va. 263, points 1 and 2 of the syllabus read: 1. "The circuit court has absolute control over its commissioners, with the power to appoint and remove at its discretion; and unless such discretion is plainly abused, to the prejudice of the parties to the litigation, the court cannot interfere therewith." 2. "A special commissioner removed by the circuit court without notice or good cause shown cannot appeal from the decree removing him." However, in the earlier case of *Connell* v. *Wilhelm*, 36 W. Va. 598, it is stated in the body of the opinion at page 610 that "when a commissioner is guilty of unusual laches in the performance of the duties required of him by the decree, or fails to report his proceedings, the court will in the first instance award a rule against him to show cause why he has not complied with the requirements of the decree." Such is certainly conservative procedure and in entire consonance with the American spirit of fair play. Unless the situation is extreme and unusual there should be notice.

Recurring now to the opinion in the case of *Arbogast* v. *McGraw*, *supra*, we find it there stated: "The circuit court has absolute power over the appointment and removal of its commissioners. And, as long as no litigant complains thereof or is aggrieved thereby, it may appoint and remove them at its pleasure, with or without cause for so doing, and this Court has no appellate jurisdiction therein. Neither is such commissioner a party to the suit, nor has he any right to

appeal from a decree removing him. The circuit court's method of removing him may be highly reprehensible, and apparently unjust to him, in removing him without notice or hearing; but it is a rule unto itself in such matters, and is subject to the control of no higher authority.'' It will be observed that the court was there dealing with a situation which involved a commissioner alone, not a party to the suit. Nor was any other party to the suit complaining of the commissioner's removal. In the instant case, the situation is different; the commissioner who was supplanted is one of the attorneys of record for his co-appellant who is the owner of more than an undivided moiety of the land decreed to be sold. The situation must therefore be considered in the light of the rights of a party in substantial interest and not in the light merely of the right of a commissioner standing alone. Whatever may be said of the right of Isaac C. Ralphsnyder to appeal from the decree, which in effect removed him as a special commissioner, it cannot be questioned that such right of appeal rests in William M. Ralphsnyder. It is to be noted in both the first point of the syllabus and the opinion of the above case of *Arbogast* v. *McGraw* that the right of appellate review is recognized if the power of the circuit court in making such removal is abused and the rights of parties to the suit are prejudiced by such removal. A removal in such circumstances does not involve an exercise of pure discretion, but of sound discretion. Ordinarily, attorneys for plaintiffs are appointed commissioners to sell real estate in creditors' suits. *Woolen Mfg. Co.* v. *Nelson,* 96 W. Va. 617. The same practice is usually followed in partition suits. This practice is so general as to have come to be a matter of common knowledge among attorneys, and, in large degree, among litigants. It may properly be considered that in the employment of attorneys to prosecute such suits the court will, in event of decree of sale, follow the usual procedure, if there be no controlling reason to the contrary. And where such procedure is recognized and followed by a court, and counsel for plaintiffs are deemed by the court to be worthy of appointment and are in fact appointed as such commissioners, and undertake the discharge of their duties

as such, the parties in interest have a right to assume that such situation will not be summarily terminated, at least, without notice to the commissioner.

While it is true that as a general rule a special commissioner ought not to be personally interested in the matter to which the performance of his duties as such commissioner relates, yet such appointment will not, ordinarily, be deemed error. Hogg's Equity Procedure, Vol. 1, sec. 668, and authorities there cited. But, even if erroneous, such appointment when made by a court with full information disclosed in the record of the appointee's interest does not afford ground or excuse, as insisted by appellees herein, for summary dismissal of such commissioner without notice after he has, entered upon the discharge of his duties.

It is urged on behalf of appellees that the decree of May 16, 1928, in effect removing Isaac C. Ralphsnyder as a special commissioner, is a mere interlocutory decree and as such is not appealable. We hold that as to William M. Ralphsnyder the said decree, insofar as it supplanted his counsel, Isaac C. Ralphsnyder as a special commissioner, is a definite and final adjudication of a substantial right, which will be irrevocably lost to the said plaintiff unless it is saved to him by appeal before the property is subjected to sale, and is therefore appealable. "The rule, that matters of discretion are not subject to review, must be confined to cases, which are purely matters of discretion, or such, as in their result can not do injury. But, whenever in the exercise of discretionary powers it appears, that the discretion exercised was not a pure discretion but a sound judicial discretion, and this discretion has been perverted and abused, or that its exercise has been in violation of established rules and precedents and to the injury of anybody, its exercise is subject to review, and it may be reversed by an Appellate Court." *Welch et al.* v. *County Court*, 29 W. Va. 63.

Although the petition for appeal seeks to bring before us not only the decree of May 16, 1928, but as well the decrees of November 21, 1927, September 8, 1927, May 14, 1926, and January 13, 1926, the matters arising on those decrees are not now urged by the appellants, and therefore as to said

decrees the appeal is dismissed and the supersedeas discharged.

For the reasons above set forth, the decree of May 16, 1928, is reversed.

*Reversed and remanded.*