SAMUEL E. CARNEY *v.* CARNEY SPLICE PROTECTOR COMPANY

(No. 7418)

Submitted February 28, 1933. Decided March 7, 1933.

*Chas. N. Kimball, I. M. Underwood,* and *W. J. Brennan,* for appellant.

MAXWELL, PRESIDENT:

This is a suit for the enforcement of a labor lien. Upon reference to a commissioner in chancery ascertainment was made that there were no other liens against the defendant's property. The commissioner also ascertained the several properties ownd by the defendant. These matters he reported to the court. Whereupon, following usual practice, counsel for the plaintiff prepared a decree which had for its purpose confirmation of the commissioner's report, the directing of a sale of the defendant's property to satisfy the plaintiff's lien, and the appointment of a special commissioner to advertise and sell the property. This draft of decree contained the name of W. S. Sugden, of counsel for the plaintiff, as the special commissioner to make the sale, and designated the newspaper in which the advertisement of sale should be made. The decree thus prepared was tendered to the court for entry. The chancellor entered the decree as prepared except that he eliminated the name of Mr. Sugden as special commissioner and inserted in lieu thereof the name of F. E. Pyle and also struck out the name of the newspaper suggested and inserted the name of another. As soon as these changes came to the attention of the plaintiff, he protested. There was no appearance for the defendant at any stage of the procedure. An appeal was awarded the plaintiff.

It is inconceivable to us that there is any reason why counsel whose name appeared in the decree as submitted should not act as a special commissioner to make sale of property in a chancery cause wherein he and his law partner are counsel for the plaintiff. "Ordinarily, attorneys for plaintiffs are appointed commissioners to sell real estate in creditors' suits.

*Woolen Mfg. Co.* v. *Nelson,* 96 W. Va. 617, 123 S. E. 568. The same practice is usually followed in partition suits. This practice is so general as to have come to be a matter of common knowledge among attorneys, and, in large degree, among litigants.'' *Fisher* v. *Lynch,* 107 W. Va. 384, 148 S. E. 484, 486. There may be appellate review of a circuit court's action in such matters. *Arbogast* v. *McGraw,* 47 W. Va. 263, 34 S. E. 736; *Welch* v. *County Court,* 29 W. Va. 63, 1 S. E. 337. In the case of *Hyre* v. *Johnson,* 107 W. Va. 524, 149 S. E. 385, we ascertained the law to be this: ''It is the 'constant practice of courts' to heed the requests of the creditors in the appointment of commissioners to sell real estate. Arbitrary departure from this practice will be reviewed.'' .The record being devoid of anything to indicate justification for refusal to appoint Mr. Sugden as special commissioner, we are of opinion that the court therein committed error of which the plaintiff has right to complain.

Code 1931, 55-12-2, requires that notices of sale of real estate of the value of $500.00 or more shall be published in a newspaper in the county where such property is located, if there be a newspaper in such county. But the said section does not require the court to designate the newspaper in which publication shall be made. In the draft of decree as tendered to the court the plaintiff indicated his choice of newspaper in which the notice should be published. The record does not disclose any reason why that newspaper should have been eliminated from the decree by the chancellor and the name of another newspaper inserted. It would seem that in such circumstances the party who is carrying the burden of the litigation should have the right to indicate the newspaper in which he desires the notice of sale to be published, it not appearing that there is reason to the contrary.

For the reasons indicated, the decree of the circuit court is reversed and the cause remanded for further proceedings not at variance with the principles herein applied.

*Reversed and remanded.*