## HUFFORD v. LEWIS.

[No. 4,043.   Filed May 27, 1902.]

JUDGMENT.—*Proceedings In Fieri.*—Where a verdict was returned at the January term of court and a motion for a new trial filed at the same term, and overruled at the March term, a judgment rendered at the September term is not invalid, since the proceedings were *in fieri* until judgment was rendered, and it will be presumed, in the absence of some showing to the contrary, that the cause was regularly continued until such time.   *pp. 203, 204.*

APPEAL AND ERROR.—*Joint Assignment.—Instructions.*—An assignment in a motion for a new trial that the court erred in giving a series of instructions is not available unless all of the instructions specified are erroneous.   *p. 204.*

EQUITABLE ESTOPPEL.—*Pleading.*—In an action for rental of certain personal property, an answer alleging that defendant purchased the interest in the property claimed by plaintiff, from a third person, who had possession thereof for more than a year prior to the purchase, and that plaintiff immediately before the time of the purchase, and at divers times prior thereto, represented and said in the presence of defendant that such third person was the owner of the property, pleads an equitable estoppel, although it is not expressly alleged therein that plaintiff had actual knowledge of the facts, nor that the representations were made with the intention that defendant should act upon them.   *pp. 204-206.*

From Clinton Circuit Court; *J. V. Kent*, Judge.

Action by John Hufford against Elmer E. Lewis to recover rental of certain personal property. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. C. Rogers, O. E. Brumbaugh* and *Joseph Combs,* for appellant.

*J. P. Gray,* for appellee.

ROBINSON, J.—Action by appellant in two paragraphs to recover rental of certain personal property. The case was tried before a jury and a verdict in appellee's favor rendered on the sixteenth day of the January term, 1899. A motion for a new trial was filed on the thirty-eighth day of the same term, and was overruled on the second day of the March term, 1899. Nothing seems to have been done in the case at the June term, 1899, and on the twelfth day of the September term, 1899, judgment was rendered on the verdict. On the twenty-fifth day of the same term appellant specially appeared and moved to vacate the judgment upon the ground that when the judgment was rendered the cause was not *in fieri*. While proceedings are *in fieri* the court has full power over its record and may, upon motion, modify or set aside its orders and judgments. At common law a motion for a new trial could not be filed after the rendition of judgment, and proceedings were *in fieri* until the close of the term at which judgment was rendered. As the code permits a motion for a new trial to be filed after judgment, the proceedings are *in fieri* until the close of the term at which the motion for a new trial is disposed of. *McClellan* v. *Binkley,* 78 Ind. 503. The reason for this rule is that after the motion for a new trial is disposed of, the court already having rendered judgment, nothing more remains to be done. But until judgment is rendered the proceedings are *in fieri* under the code as they were at common law, and if the motion for a new trial precedes the rendition of judgment the common law rule still prevails. In the case at bar the proceed-

ings were not terminated until judgment was rendered. The trial court had authority to continue the case until final disposition was made of it by the rendition of a judgment, and, in the absence of some showing to the contrary, it will be presumed the cause was regularly continued, and that there was sufficient ground for so doing. The jurisdiction of the court, once rightfully acquired, continues, without further notice, as long as there are any steps to be taken necessary to the conclusion of the case. *Durre* v. *Brown,* 7 Ind. App. 127, and cases cited.

It is assigned as one of the causes for a new trial that: "The court erred in giving instructions numbered one, two, three, four, five, six, eight, nine, nine and one-half, ten, eleven, and twelve of its own motion." It is not and could not be claimed that all these instructions are erroneous. Overruling a motion for a new trial assigning as cause therefor the giving of a series of instructions jointly is not available error, unless all such instructions are erroneous. *Cincinnati, etc., R. Co.* v. *Cregor,* 150 Ind. 625; *Lawrence* v. *Van Buskirk,* 140 Ind. 481; *Saunders* v. *Montgomery,* 143 Ind. 185.

In appellant's complaint he claims to be the owner of one-half the property. The amended second paragraph of partial answer to the first paragraph of complaint alleges that appellee purchased the one-half interest described in the complaint from one James Hufford and paid him therefor; that James Hufford had at the time, and for more than a year prior thereto had had the possession of the same, claiming to be the owner, that "at divers times during said period of time, and immediately before the time of said purchase of said property by defendant, the plaintiff, in the presence of and to the defendant, represented and said that the said James Hufford was the owner of said property, and that said James Hufford had purchased the same from him [the plaintiff]; that the defendant, relying on said representations of the plaintiff and believing them to be

true, did not know that said plaintiff had or claimed any interest in said property, and believed that said James Hufford was the owner of said property, he [defendant] purchased" the same and had fully paid James Hufford therefor long before appellant made known to him that he claimed any interest in it; that James Hufford is and has been since such purchase wholly insolvent. Wherefore, appellant should be estopped from claiming any interest in such property after the time of such purchase.

It is argued that this answer does not contain the essential elements of an estoppel. The representations made by appellant were material facts. Appellee did not know that appellant claimed any interest in the property, and, relying upon the representations, purchased the property. It is not expressly alleged that appellant had actual knowledge of the facts; but the representations made by him were made under such circumstances that a knowledge of the truth is necessarily imputed to him. Nor is it expressly alleged that the representations were made with the intention that appellee should act upon them. But the property had been sold by appellant to appellee's vendor, who was then in possession. This vendor had the apparent title and power of disposition, and had been clothed with these by appellant. Applying the language used by the author in 2 Pomeroy's Eq. Jurisp. (2d. ed.), §811, "There is, however, a large class in which not only an intention directed towards a particular individual or towards individuals in general is absent, but a contrary intention that the party's representation is not to be acted upon at all may be present. The class includes all those instances where an owner of things in action or of chattels has, either designedly or negligently, clothed a third person with the apparent title and power of disposition, and this person transfers them to a purchaser in good faith who relies upon the apparent power of sale they conferred upon him. The original owner is estopped from asserting his right of property, and the

*bona fide* purchaser acquires a perfect title by estoppel, in direct contravention of the rules of law which would otherwise control."

The answer pleads an equitable estoppel, and is within the doctrine that, "When one of two innocent persons—that is, persons each guiltless of an intentional, moral wrong—must suffer a loss, it must be borne by that one of them who by his conduct—acts or admissions—has rendered the injury possible." 2 Pomeroy's Eq. Jurisp. (2d ed.), §803 *et seq.*

In *Brickley* v. *Edwards,* 131 Ind. 3, 9, the court said: "Admissions which have been acted upon by others are conclusive against the party making them in all cases between him and the person whose conduct he has thus influenced. This is true whether the admission or declaration is made in express language to the person himself, or is made in general terms, or may be implied from the open and general conduct of the party. His open and general statements may be considered as addressed to every one who may have occasion to act upon them."

In *Maxon* v. *Lane,* 124 Ind. 592, the court said: "If a party induces another to change his position and expend a large sum of money, equity will not permit such a party to reap any advantage from the change to the prejudice of the other; nor will it permit him to do what he has expressly or impliedly promised not to do. * * * It is not necessary in order to create an estoppel that the person who makes the representations upon which another acts should, at the time of making them, intend to defraud the person to whom they are made, for the fraud consists in subsequently attempting to gainsay or deny the representations to the injury of the person who acted upon them." See 2 Pomeroy's Eq. Jurisp. (2d ed.), §§803, 805.

Judgment affirmed.