## SEYMOUR v. M. EWING FOX COMPANY ET AL.

[No. 24,039. Filed January 31, 1922.]

1. APPEAL.—*Refusal to Grant Temporary Injunction.—Appeal Bond.—Statutes.*—Under Acts 1921 p. 741, §1, 2 (§§1392a, 1392b Burns' Supp. 1921), governing appeals from interlocutory orders, the failure to file an appeal bond is fatal to so much of an appeal as challenges the refusal of the trial court to grant a temporary injunction. p. 512.

2. APPEAL.—*Appeal from Appointment of a Receiver.—Appeal Bond.—Statutes.*—Under §1289 Burns 1914, §1231 R. S. 1881, where an appeal is taken from the appointment of a receiver, no bond is required, unless to suspend the receiver's authority, or to perfect an appeal without giving notice. p. 512.

3. APPEAL.—*Appeal by Intervener from Appointment of Receiver.—Time for Perfecting.—Intervening Petition.—Requisites.*—One intervening in an action for the appointment of a receiver and asking to have the appointment set aside as a mere incident to the other relief sought, cannot claim the right to appeal from such appointment, not-

withstanding §1289 Burns 1914, §1231 R. S. 1881, limiting the time in which such appeals may be taken to ten days from the date of appointment, in the absence of a showing that he acted at his first legal opportunity. (*State v. Union National Bank, etc.,* [1896], 145 Ind. 537, distinguished.) p. 513.

From St. Joseph Superior Court; *Walter. A. Funk,* Judge.

Jackson D. Seymour intervened in an action between the M. Ewing Fox Company and others. From the judgment rendered,. the intervener appeals. *Appeal dismissed.*

*Shively, Gilmer, Arnold & Doran* and *Dudley M. Shively,* for appellant.

*Harry S. Taylor,* for appellees.

EWBANK, C. J.—This is an appeal from an interlocutory order of the circuit court permitting appellant to intervene and defend the main action, but denying all the rest of his prayer for relief under an intervening petition by which he had asked that a temporary injunction be issued forbidding the receiver previously appointed for a stock of goods to sell the goods under an order of sale which had been made by the court, and also asked that a mortgage on the goods be foreclosed, that the receiver be required to turn over the goods to the mortgagee (appellant), and that the order appointing the receiver be vacated.

The record shows that the appellee company had commenced an action against the owner of the stock of goods August 20, 1921, that on August 29, a verified petition asking for the appointment of a receiver for said goods was filed, which alleged that said owner had disappeared August 20, and that on August 26, a suit against him for possession of the store room was filed by his landlord, and certain other suits on accounts; that on this petition a receiver was appointed August

30, and on September 3, the receiver was ordered to sell the stock of goods; that on September 12, appellant filed his said "intervening petition" and it was sustained so far as to permit him to become a party and defend the action, but in all other respects was denied the same day; that he filed a motion for a new trial which was overruled September 13, and that this appeal was perfected by filing the transcript and assignment of errors September 19, 1921, but that no appeal bond was filed.

The errors assigned are (a) the refusal to grant a temporary injunction; (b) the appointment of a receiver; (c) the refusal to vacate the order appointing a receiver; and (d) overruling appellant's motion for a new trial of the issues joined on his intervening petition.

Appellees have filed a motion to dismiss the appeal, under which they urge that it cannot be maintained because no bond was filed, and because it was not

1. perfected within ten days after the receiver was appointed. The failure to file an appeal bond is fatal to so much of the appeal as challenges the refusal of the court to grant a temporary injunction. An appeal from an interlocutory order granting or refusing to grant a temporary injunction is permitted only upon filing an appeal bond as in term appeals, and filing the transcript and assignment of errors, all within thirty days. Acts 1921 p. 741, §§1; 2, §1392a et seq. Burns' Supp. 1921.

But where an appeal is taken from the appointment of a receiver no bond is required, unless to suspend the authority of the receiver, or to perfect an appeal

2. without giving notice. §1289 Burns 1914, §1231 R. S. 1881; General Motors Oil Co. v. Matheny (1916), 185 Ind. 114, 113 N. E. 4. In this case notices were given and the authority of the receiver was not suspended, so that filing a bond was not necessary, so

far as appealing from the appointment of a receiver was concerned.

The statute authorizing an appeal from the appointment of a receiver provides that "the party aggrieved may, within ten days thereafter, appeal from the decision to the Supreme Court, without awaiting the final determination of the case." §1289 Burns 1914, *supra*.

But in this case the receiver was appointed August 30, and the appeal was not perfected until twenty days afterward, on September 19. Appellant relies upon the fact that he filed his intervening petition, and then appealed within ten days after such petition was ruled on. And he elects to call it a "motion to set aside the order of appointment," and relies upon the decision in *State* v. *Union National Bank, etc.* (1896), 145 Ind. 537, 544, 44 N. E. 585, 57 Am. St. 209. In that case the State of Indiana appeared within five days after the receiver was appointed, at the same term of court (on Saturday of the same week), and asked leave to intervene only for the purpose of moving to set aside the appointment of the receiver and to dismiss the proceeding, and upon leave being granted, filed a motion which asked for no other relief. The court, having continued the motion and then heard evidence, took the matter under advisement, and overruled the motion nineteen days after the date when the receiver was appointed, whereupon the cause was appealed. It was made to appear that the time when the petition and motion were filed "was the first legal opportunity the State had to object and except to the action of the court." *State* v. *Union National Bank, supra.*

There are authorities to the effect that where a proper motion is filed by one who was not before the court when the ruling was made, asking to set aside a ruling made

at the same term, it operates to carry forward the ruling for some purposes until the motion is ruled on. *Vesey* v. *Day* (1910), 175 Ind. 406, 94 N. E. 481; *Hufford* v. *Lewis* (1902), 29 Ind. App. 202, 64 N. E. 99; 23 Cyc 904.

But in the case at bar the appellant did not appear until the thirteenth day, which was after the time for appealing had fully expired, and was on the first day of the next term of court, and his intervening petition did not show that he came in at the first legal opportunity, nor suggest when he first knew of the appointment.

The first part of his petition was devoted to stating a cause of action on a promissory note and for the foreclosure of a chattel mortgage on the stock of goods for which a receiver was appointed, both of which instruments were filed as exhibits, and setting up an alleged right of appellant, under his mortgage, to take immediate possession of the mortgaged goods, under the terms of the mortgage. Nearly all the remainder of the intervening petition was devoted to stating a cause of action for a temporary injunction forbidding the receiver to sell such goods. And all the facts which were alleged tending to show that the appointment of the receiver should be set aside were stated in marshaling the facts relied on to show that appellant was entitled to immediate possession of the goods, as mortgagee, and to a temporary injunction. Appellant offered no evidence except to read his verified intervening petition and the note and mortgage.

It thus appears that so far from coming into court at the earliest opportunity, asking to intervene for the sole purpose of disputing the authority of the court to appoint a receiver, and filing a motion which merely asked that such appointment be set aside, the appellant waited until after the time allowed for appealing had expired, and then, without showing why he had not

acted sooner, invoked the jurisdiction of the court to order the goods turned over to him as mortgagee, to foreclose his mortgage, and to grant him an injunction, and asked to set aside the appointment of the receiver as incidental to the other relief sought.

Appellant has not brought himself within the rule laid down by *State* v. *Union National Bank, supra.* He is not entitled to maintain an appeal under such circumstances from an interlocutory order denying his petition. The bond required in an appeal from the refusal to grant a temporary injunction was not filed. More than ten days had elapsed since the receiver was appointed. Appellant is not in court on either branch of his appeal.

Appellee's motion to dismiss the appeal is sustained and the appeal is dismissed.