O'MALLEY, SUPERINTENDENT OF INSURANCE
*v.* HANKINS ET AL.

[No. 26,388. Filed February 4, 1936.]

462

C. C. *Wysong, Clinton H. Givan* and *Thompson, Rabb & Stevenson,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Chalmer Schlosser, Burke G. Slaymaker, Miller, Miller & Jeffrey,* for appellees.

FANSLER, J.—Appellant has petitioned for a writ of mandate to compel the court below to comply with the instructions of this court "to set aside the order appointing receivers, and for further proceedings not inconsistent with this opinion." *O'Malley as Superintendent, etc.* v. *Hankins et al.* (1935), 207 Ind. 589, 194 N. E. 168. After the opinion was certified to the court below the receivers filed a claim for $4,000 compensation for services as receivers, and their attorneys filed a claim for $6,000 for legal services as attorneys for the receivers. Both claims were on the same date allowed, without notice to appellant, and the receivers were ordered to pay the sums out of funds on hand and available, or from such other funds as may hereafter become available, for such purposes; and, after allowing the claims, the order appointing receivers was set aside pursuant to the mandate. Appellant asks a mandate directing and ordering the trial court to vacate and set aside the order allowing compensation to the receivers and to the attorneys for the receivers.

In the principal opinion it was held that there was no basis for the appointment of the receivers; that the appointment was erroneous; and the judgment of ██ appointment was ordered vacated. It cannot be questioned that, when a judgment appointing a receiver is reversed on appeal and vacated upon the ground that there were insufficient facts established to justify the appointment, neither the defendant nor the property for which the receiver was appointed can be charged for the services of the receiver, or the receiver's attorneys, or the plaintiff's attorneys. There are cases, however, in which the facts justify the appointment, and the order is set aside for the reason that jurisdiction to appoint was in another court, or where the owner of the property acquiesces in the appointment, and where the services of the receiver are beneficial to the property, in which an allowance may properly be made notwithstanding the order is set aside. Such cases are exceptional, however, and an allowance will not be made unless it clearly appears that justice requires it, notwithstanding the general rule to the contrary, and one seeking an allowance under such circumstances should be required to bring forward facts justifying the exception to the rule.

Appellees rely upon certain authorities as sustaining the view that the allowances in the case at bar were proper. First of these is the case of *McBride* v. *Coleman, Rec., et al.* (1919), 189 Ind. 7, 125 N. E. 449. There it appears that McBride was appointed receiver on February 10, 1915, and acted as such until January, 1916, when, pursuant to a mandate of this court, he turned over the property of the trust to another receiver appointed by another court at approximately the same time he was appointed. He asked for no allowance in the court that appointed him, but filed a claim in the court that appointed the other receiver. It was held that he was a *de facto* receiver and entitled to compensation

for his services out of the assets of the estate. The conclusion of the court rested upon the ground that, since the facts were such that either court might have appointed a receiver in the first instance, the expense of which would be a proper charge upon the trust property, and since appellant acted as receiver for almost a year, and by the undisputed evidence was shown to have performed valuable services for the estate, he was entitled to recover. In the opinion two cases are cited as authority. The first, *Palmer* v. *State of Texas et al.* (1909), 212 U. S. 118, 29 S. Ct. Rep. 230, involved the same state of facts—that is, two courts had appointed receivers. No reason is given, and nothing is said upon the question, except: "The receivership has gone on pending the proceedings upon appeal and we are of opinion that justice will be done if the costs of the receivership are paid out of the funds realized in the Federal court, and it is so ordered;..." The other case cited is *Ford* v. *Gilbert et al.* (1903), 42 Ore. 528, 71 Pac. 971. In that case also it was a question of which of two receivers was properly appointed, and it was shown that the receiver was appointed pursuant to an agreement of the parties in open court, to the effect that such an appointment was necessary in order to preserve the property, and that the services were beneficial to the trust. The only case cited by appellees, in addition to the ones referred to, is *Carter et al.* v. *Mitchell et al.* (1932), 225 Ala. 287, 142 So. 514. The basis for the decision in that case is not entirely clear, but we gather that it is upon the ground of benefit to the trust. In all of the cases the allowances seem to have been justified upon the ground that the rights of the parties having claims upon the property required that it be held in the custody of a receiver or other conservator. In no case does it appear that the owner of the property had a defense to the action for the appointment upon the merits as in the case at bar.

It appears from the record before us that the receivers were appointed on September 30th. An appeal was prayed and a bond filed on October 4th, which suspended the authority of the receivers to act further. It appears from the claim for services that the receivers collected $638.02 between September 30th and October 4th. It does not disclose that they performed any other services during that time. It does appear that they unlawfully continued to act for some months thereafter, and collected something less than $23,000 in insurance premiums. After October 4th the receivers had no lawful authority to bind the defendant's property or the trust. They had no authority to act as receivers, nor as such to incur expenses of any kind or character, all of which would appear to be clearly indicated by the principal opinion. There is no suggestion that the defendant agreed to or acquiesced in the appointment.

Under such circumstances, there is no basis for an allowance of any kind against the defendant or the property for which a receiver was sought. Even incidental benefits arising out of the temporary possession, management, and control of the property will not justify an allowance. Persons and corporations have the right to manage their own property, and they cannot be charged for services in respect to their property which are thrust upon them against their will by an erroneous and unjustified order of court. Any amounts which are properly allowable to the receivers for services, expenses, or attorneys' fees, should be allowed as costs of the action, and the costs should be assessed against the plaintiffs below.

The trial court is directed to set aside that part of its order of May 1, 1935, which allows compensation for the receivers and their counsel, to be paid out of the funds in the hands of the receivers, or thereafter

available, and to enter an order requiring the receivers to account to the appellant for any and all property which has come into their hands.