SANDS *v.* SANDS ET AL.

[No. 26,963. Filed April 28, 1938.]

*Hoffman, Bobbitt & Hoffman,* for appellant.

*Feemster & Feemster* and *Richard L. Ewbank,* for appellees.

FANSLER, J.—This is an appeal from an interlocutory order appointing a receiver. The appellee Florence J. Sands has moved to dismiss the appeal upon several grounds. The first is that notices of the appeal were not given as provided by statute. The transcript contains copies of notices, timely given, with acknowledgment of service by the defendants, and filed in the office of the clerk below before the transcript was prepared and filed in this court. The original notices, with acknowledgment of service, were later brought here by *certiorari.* It appears therefore that appellee's contention does not involve a failure to give notice, but a failure to file proof of the giving of notice at the time the transcript was filed in this court. We

find no rule or statute fixing the time for making proof of the service of notice of an appeal. Rule 31 seems to contemplate a general appearance by appellees within thirty days from the filing of the transcript, and a general appearance obviates the necessity of notice or proof of notice. It is undoubtedly good practice to file proof of service of notice at the time the transcript is filed; and where notice of the appeal is necessary it must be proven before action by this court. Why the proofs of the serving of notice were filed in the office of the clerk below does not appear. It may have been inadvertance. But it will be noted that the transcript contains the certificate of the clerk showing that notices had been served and acknowledged. The proof of notice is sufficient.

The appellee contends that the receiver, who was appointed under the order appealed from, is a necessary party to the appeal, but in this appellee is clearly in error. The receiver is not a party to the judgment. He was appointed upon authority of the judgment. The validity of the judgment itself, which antedates the receiver, is questioned.

The motion to dismiss is overruled.

The appellee Florence J. Sands is the wife of the appellant. The appellee Orange D. Hall was appointed commissioner in an action for the partition of real estate in the Wayne Circuit Court in which the appellant was one of the defendants. The property was ordered sold, and the commissioner had in his hands certain of the proceeds of the sale. The appellee Florence J. Sands brought this action, alleging that she is the wife of the appellant; that they lived together until 1932, at which time the appellant deserted her without cause, leaving her without sufficient provision for support; that Orange D. Hall, the commissioner, has in his possession the sum of $1,500 in cash, which belongs to

the appellant. There are other allegations about the manner in which the husband and wife lived, and that the plaintiff was without funds, and that it was necessary for her to have $100 per month with which to maintain herself. A judgment *in rem* is prayed against the property. With the complaint there is an affidavit of the nonresidence of the appellant. The verified application for a receiver recites the filing of the complaint, and that the facts alleged are true; that the appellant had deserted the plaintiff four years before, without cause, leaving her with insufficient provision for support; that he is a non-resident of the state, traveling from place to place; that his actual residence is not known to her; and that she does not know how to reach him. The facts concerning the partition of real estate and the funds in the hands of the commissioner are recited. Neither the pleading nor the evidence discloses whether the plaintiff is a resident of the State of Indiana.

The appellant contends that this is an action *in rem* under section 38-116 et seq., Burns' Ann. St. 1933, section 5655 et seq., Baldwin's Ind. St. 1934, which provides that a married woman may obtain provision for the support of herself and infant children in an action against the husband and any person who may be indebted to him, and that such an action can only be maintained when either the husband or wife is a resident of the State of Indiana. The appellee contends that if the action is so construed there is nothing in the present statute limiting its provisions to residents of the state; but also contends that if a husband is not living with his wife and is not supporting her, so that she receives no benefit from the ownership by the husband of the proceeds of the sale of real estate on partition, she is entitled absolutely to one-third of the proceeds of the sale of her husband's interest in the real estate in

her own right because of her inchoate interest, and such further amount out of the remaining two-thirds as the court shall find to be just, because of her husband's obligation to support her. The action is not only against the husband, but against the commissioner, and the plaintiff seems to be asserting some claim against the property in her own right.

On appeal from an order appointing a receiver *pendente lite,* we are not concerned with the sufficiency of the complaint, nor with the question of whether or not the plaintiff will ultimately recover. Under the statute, courts have power to appoint receivers where it may be necessary to secure ample justice between the parties. In this case the property in question was not in the possession of the defendant husband. It was in the possession of an officer of the court awaiting distribution. It would seem that the court had power to direct the commissioner to withhold distribution, or that the commissioner on his own motion had power to withhold distribution, until the rights of the parties were determined, and therefore the appointment of a receiver to hold the fund pending a determination of the litigation does not affect the substantial rights of the appellant. The issues are still open in the court below. Concerning the ultimate rights of the parties, we express no opinion.

Judgment affirmed.