INDIANAPOLIS BREWING COMPANY, INC. *v.*
BINGHAM, ET AL.

[No. 28,372.   Filed March 30, 1948.]

Grabill & Baker, and Samuel Blum, all of Indianapolis, for appellant.

*Bingham, Cook & Bingham, Claude M. Spilman, Jr.,* and *Kane, Blain & Hollowell,* all of Indianapolis, for appellees.

GILKISON, J.—This is an action by appellees to recover $25,000 attorneys fees, and for the appointment of a receiver for appellant.

After proper notice to the defendant, now the appellant, a hearing was had on the application for a receiver, resulting in a finding and judgment for plaintiffs, now the appellees, on the application, and the appointment of a receiver, fixing his bond at $125,000. On the same day the receiver qualified, and filed his bond as ordered, which was accepted and approved by the court. From this order and judgment appellant prayed an appeal to the Supreme Court, which appeal was granted and the appeal bond was fixed at $125,000. Appellant has attempted to complete the appeal as provided by § 3-2603, Burns' 1946 Repl.

Appellees in proper time filed a motion to dismiss the appeal for causes:

(1) Appellant has filed no appeal bond; (2) the bill of exceptions does not show that it was filed in the office of the clerk of the Marion Superior Court; (3) The praecipe does not show that it was filed in the office of the clerk of the Marion Superior Court in the proceeding in which the receiver was appointed. (4) The receiver is not named as an appellee in the Assignment of Errors. We shall consider these questions in the order noted.

So far as we know it has been the universal holding of this court that where an appeal is taken from the appointment of a receiver no bond is required, unless to suspend the authority of the receiver. § 3-2603 Burns' 1946 Repl. *Seymour* v. *M. Ewing Fox Co.* (1922), 191 Ind. 510, 512, 133 N. E. 832; *General Motors Oil Co.* v. *Matheny* (1916), 185 Ind. 114, 116, 113 N. E. 4. In this case notices of appeal were given and the authority of the receiver was not

suspended. The filing of an appeal bond was therefore not required in order to appeal from the decree appointing a receiver.

The record shows that the praecipe was filed in the clerk's office on October 8, 1947.

The record shows that the bill of exceptions was signed, sealed, allowed and ordered filed by the trial judge October 27, 1947, and that it was filed in the clerk's office thereafter on the same date. These facts are properly authenticated by the clerk's certificate. Therefore the appeal should not be dismissed for either cause two or three.

This is an appeal from an interlocutory order appointing a receiver, and is governed by § 3-2603 Burns' 1946 Repl. providing as follows:

"In all cases hereafter commenced or now pending in any of the courts of this state, in which a receiver may be appointed or refused, the party aggrieved may, within ten days thereafter, appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case; and in case where a receiver shall be or has been appointed, upon the appellant filing an appeal-bond with sufficient surety, in such sum as may have been required of such receiver, conditioned for the due prosecution of such appeal, and the payment of all costs or damages that may accrue to any officer or person by reason thereof, the authority of such receiver shall be suspended until the final determination of such appeal."

Under this statute *"the party aggrieved* may, within ten (10) days thereafter appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case; . . . ." It has been held that any aggrieved party may appeal without joining his co-parties as appellants. *Marshall* v. *Matson* (1908), 171 Ind. 238, 242, 86 N. E. 339. In this

appeal no effort is made to suspend or stay the authority of the receiver until the final determination of the appeal. No reason exists for making the receiver a party appellee. This court has heretofore held that it is not necessary to make the receiver a party to such an appeal. *Sands* v. *Sands* (1938), 214 Ind. 87, 89, 14 N. E. 2d 535.

The motion to dismiss the appeal is therefore overruled.

The complaint for the appointment of a receiver alleges that appellant is in imminent danger of insolvency, and that it "has, by reason of mismanagement and inefficiency, forfeited its corporate rights." It is therefore based on clauses 5th and 7th, § 3-2601 Burns' 1946 Repl.

The complaint then alleges that an action is pending in the United States District Court at Indianapolis, in which the United States of America seeks to recover from appellant for alleged O. P. A. violations, damages in the sum of $556,607.37. That in another action by the same plaintiff against appellant in the same court, (criminal) appellant is charged in five counts with violating the United States Pure Food and Drug Act, to which appellant has plead guilty to three counts, incurring a liability of $5,000. That one Erlich has an action pending against appellant in the Hamilton Circuit Court to recover $20,000. That appellant has a judgment against it in a United States Court in the State of Texas, for $5,000, which is unappealed, past due and unpaid. That one Winslow as trustee has a suit pending against appellant in Marion Superior Court for $26,140. That Centliver Brewing Corp. has an action pending against appellant in Hendricks Circuit Court for $55,000. And on September 15, 1947, the Treasury Department of the United States filed

in the recorder's office of Marion County a federal tax jeopardy assessment lien against appellant for $610,000.

The complaint therefore alleges a possible outstanding indebtedness of $1,302,747.37 including the plaintiff's claim in full. It also avers that the elected officer actively engaged in the management of the defendant corporation is not one of its stockholders; that the defendant brewery is wholly without competent management; and that persons not interested in the corporation have continuously dissipated its assets.

The question presented to the trial court and to this court is whether or not the appellant is in imminent danger of insolvency?

In determining this question we are bound by the rule that we will not attempt to weigh conflicting evidence. *Vogel* v. *Chappell, Trustee* (1937), 211 Ind. 310, 314, 6 N. E. 2d 953; *Chicago Etc. R. Co.* v. *Kenney* (1901), 159 Ind. 72, 80, 81, 62 N. E. 26; *Sheridan Brick Works* v. *Marion Trust Co.* (1901), 157 Ind. 292, 300, 61 N. E. 666; *Mead* v. *Burk* (1900), 156 Ind. 577, 582, 60 N. E. 338; *Naylor* v. *Sidener* (1886), 106 Ind. 179, 185, 6 N. E. 345.

Weighing evidence is a right and duty for the trial court alone. This court on appeal may review the action of the trial court for the sole purpose of ascertaining whether or not there is some competent evidence in the record to sustain its finding.

An application for the appointment of a receiver for a corporation alleged to be in imminent danger of insolvency, is addressed to the sound discretion of the trial court in view of the particular facts and circumstances presented.

"A trial court's action in appointing or refusing to appoint, a receiver will not be disturbed in the absence of a showing that it abused its discretion,

and that such abuse of discretion is prejudicial to the substantial rights of the party complaining." 19 C. J. S., Corporations, § 1457, p. 1160.

"Section 3-2601, Burns' 1933, cl. 7, § 1143, Baldwin's 1934, gives the trial courts large discretionary power in the appointment of receivers pendente lite." *Ratcliff* v. *Ratcliff* (1941), 219 Ind. 429, 438, 39 N. E. 2d 435.

It could serve no useful purpose to burden this opinion with a lengthy statement of the evidence. It is sufficient to say that there is evidence in the record supporting the several averments of the complaint for the appointment of a receiver. There is no showing that the trial court abused its discretion in ordering a receiver appointed.

Finding no error, the order of the trial court appointing a receiver is affirmed.

NOTE.—Reported in 78 N. E. 2d 432.