INTERNATIONAL UNION OF OPERATING ENGINEERS ET
AL. *v.* HOISTING AND PORTABLE ENGINEERS,
ETC., ET AL.

ASHLEY ET AL. *v.* TAYLOR ET AL.

[No. 29,017.   Filed February 13, 1953.]

*Frank A. Symmes* and *Charles W. Symmes,* of Indi-anapolis, *Lloyd S. Hartzler,* of Fort Wayne, *Symmes,*

*Fleming & Symmes* and *Owen S. Boling,* of Indianapolis, of counsel, for appellants.

*Lynnville G. Miles, Julian D. Pace, G. R. Redding* and *Baker & Daniels* of counsel, all of Indianapolis, for appellees.

DRAPER, J.—This is an appeal from an order determining and allowing the fees of a receiver appointed by the court and those of his attorney.

A chronological history of the litigation and events leading to this order may be helpful to an understanding of the questions presented.

For convenience and brevity, the International Union of Operating Engineers will be referred to herein as "the international union," and Hoisting and Portable Engineers, Local Union No. 103 of the International Union of Operating Engineers will be referred to as "the local union."

The local union consisted of two branches, one at Fort Wayne and one at Indianapolis. In 1939, the international union took control of the local union and appointed a supervisor therefor. Dissension arose among members and groups of members of the local union over the international supervision.

In August, 1948, after a regular meeting of the Indianapolis branch, a committee was selected to institute proceedings to free the local union from international supervision. The committee and certain members attempted to function as a local union independent of international supervision.

In November, 1948, an election was called. New officers for the local union were elected and recognized by the international union as such, but they did not obtain possession of the property and assets of the local union until in February, 1949.

On December 24, 1948, an action was filed in the Marion Superior Court, Room 2, under Cause No. B-67162, for a temporary restraining order, temporary injunction, permanent injunction and the appointment of a receiver *pendente lite*. The complaint prayed that the defendants, their agent, employees, aiders and abettors be enjoined from removing any officers of the local union; from taking or holding possession of any of the property, books, monies, records, papers, automobiles or other things of value of the local union; from interfering with the operation and management or control of the local union; from interfering with any members of the local union as members in good standing in the local union and in the international union; and from interfering with any of the members in their employment or their employment relations with employers who have contracts with or deal with the local union or the international union. The complaint also included a prayer for the appointment of a receiver to take charge of the books, records, funds, management, operation and contract negotiations of the local union pending further order of court.

A temporary restraining order was issued and the appellee Cecil A. Taylor was appointed receiver to take charge of all property, funds and assets of every kind whatever belonging to the local union and to operate the local union until further order of the court. An appeal from the order appointing the receiver was taken to the Supreme Court, in which the receiver was named as an appellee. Upon a showing made, the Supreme Court dismissed the appeal as moot on April 12, 1949.

A change of venue was taken in said cause No. B-67162 to Hendricks County where, so far as the record discloses, it is still pending.

On April 28, 1949, in an action in the United States District Court for the Northern District of Indiana, a judgment was entered deciding that the local union had been duly placed under international supervision and that the officers elected for the local union in November, 1948, were duly elected.

On May 26, 1949, the appellees herein filed under said cause No. B-67162 in the Marion Superior Court, Room 2, their "Verified Petition for Allowances" for the services of the appellee Taylor as receiver and those of appellees Miles and Pace as his attorneys.

Appellants addressed to this what appellants designated as a plea in abatement, but which appellants now say "is more of a plea to jurisdiction and should be so treated." This was overruled. Appellants then filed a motion to strike out and also a demurrer, both of which were overruled. Affirmative answers were then filed.

The court ordered and adjudged that the appellee Taylor as receiver receive $2,500 for his services and that the appellees Miles and Pace, attorneys for the receiver, receive $5,000 for their services. Appellants' motion for new trial was overruled.

Appellants first contend that the Marion Superior Court, Room 2, had no jurisdiction to allow fees after the venue was changed to Hendricks County. Appellees rely upon Burns' Stat., §3-2618, which provides: "In any action, proceeding or matter of any character or nature whatsoever relating to, connected with, or involving a receivership estate, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons and upon the same terms and conditions upon which there may be a change of judge or a change of venue from the county in any civil action: Provided, however, That nothing contained herein shall be con-

strued to authorize a change of venue from the county concerning expenses allowed by the court incidental to the operation, management or administration of the receivership estate or to authorize a change of venue from the county upon any petition or proceeding to remove a receiver or to authorize a change of venue from the county upon the objections or exceptions to any partial or final account or report of any receiver, and hereafter there shall be no change of venue from the county of the administration of any receivership estate or upon any petition or proceeding to remove a receiver, or upon objections or exceptions to any partial or final account or report of any receiver."

The Supreme Court, in a decision rendered subsequent to the enactment of the above-quoted statute, in *State ex rel. Indianapolis Dairymen's Co-op.* v. *Marion Circuit Court* (1948), 226 Ind. 256, 79 N. E. 2d 412, 414, stated: "Where the sole and principal relief is the appointment of a receiver upon final judgment a change of venue from the county may be had, but where the receiver is requested pending the action as relief ancillary to the main cause, the issue on a temporary receivership, and the receivership itself remain in the court first acquiring jurisdiction. The jurisdiction of the issues in the principal cause is transferred to the court in another county to which the change of venue is taken."

The above quoted case is quoted with approval in *State ex rel. Glamack* v. *Horn* (1950), 228 Ind. 567, 94 N. E. 2d 483.

The receiver was requested pending the action as relief ancillary to the main cause. In fact, appellants state in their brief, "The receiver was appointed herein *pendente lite* without notice and such receivership is ancillary to the main ac-

tion." We therefore hold, in view of the above quoted statute and these opinions of the Supreme Court, that the change of venue from the county did not transfer the receivership from the jurisdiction of the Marion Superior Court.[1]

The receiver was appointed and gave bond to the approval of the court in the sum of $10,000 on December 24, 1948. On January 3, 1949, the appellants tendered their appeal bond in the same amount, which bond was approved, and the enforcement of the order and judgment appointing the receiver was suspended during appeal. The record and assignment of errors was filed in this court on the same day, and the cause was submitted under Rule 2-14.

On January 28, 1949, the appellants' brief was filed. On March 25, 1949, Cecil A. Taylor, the receiver, and his attorneys, Miles and Pace, filed in this court their verified motion to dismiss the appeal. The motion was supported by several affidavits and alleged that the questions presented to this court by the appeal had become moot by reason of the fact that the differences between the parties had been settled "behind the backs" of the receiver and his attorneys; that all disputes between the parties had been settled; and that the appeal should be dismissed without prejudice to the rights of the moving parties to assert their claim for receiver's fees and attorneys' fees.

On March 28, 1949, this court ordered the appellants to show cause on or before April 1, 1949, why the cause should not be dismissed, and on April 1, 1949, the appellants filed their anwer to the rule to show cause in which they insisted that the questions involved in the appeal were not moot and the disputes had not been

[1] The foregoing is adopted from the opinion of the Appellate Court reported in 102 N. E. 2d 924.

settled; and that the judgment appointing the receiver was still in full force and effect but merely stayed by the appeal bond. On April 6, 1949, this court made an order dismissing the appeal as moot. On April 25, 1949, the appellants filed their petition to reconsider the order and judgment of dismissal, which petition was denied by this court on April 26, 1949.

The appellants cite authorities from the state of Texas which hold that when a cause becomes moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, should be dismissed. But it seems to be settled in this jurisdiction that when a cause becomes moot the appeal will be dismissed as presenting only a moot question. *Princeton Coal, etc. Co.* v. *Gilmore* (1908), 170 Ind. 366, 83 N. E. 500; *Smith* v. *Am. Nat. Bank of Indianapolis* (1948), 118 Ind. App. 413, 78 N. E. 2d 874; *Hammond, etc. R. Co.* v. *Kaput* (1916), 61 Ind. App. 543, 110 N. E. 109.

Appellants now advance a number of reasons why they believe the appointment of the receiver was invalid and erroneously made. This court decided after a full presentation and painstaking consideration of the conflicting claims of the parties that the appeal had become moot by settlement of the controversy, and that it should be dismissed as moot in accordance with the petition filed by the receiver and his attorneys. All of those alleged errors were asserted or could have been asserted in the appeal which was taken to this court and which was so dismissed.

When this court determined that the appeal had become moot, and dismissed it for that reason, it decided that the questions presented should not and would not be determined by this court. The dismissal of the

appeal was final, and the judgment out of which the appointment of the receiver arose remains unreversed.

On May 26, 1949, the receiver and his attorneys Miles and Pace filed their joint and several verified petition for allowances of fees.

Pursuant to hearing thereon the court entered an order making allowances of fees which reads in' part as follow:

> ". . . the court finds that Cecil A. Taylor was duly appointed and qualified as receiver for Local Union No. 103 of the International Union of Operating Engineers and that he named as his attorneys in said cause of action Lynnville G. Miles and Julian D. Pace; that said receiver took charge of the assets of said Local Union and that said receiver and his attorneys rendered valuable services in said cause of action; that an appeal was taken from the appointment of said receiver, *which appeal named said receiver as a party to said appeal, which said receiver and his attorneys were obliged to defend and did defend until final disposition, all of which were valuable services in this cause of action.* The court further finds that a reasonable fee for said services for said receiver in this action is $2500.00 and a reasonable fee for the services for said attorneys for said receiver is $5,000.00. This does not consider any services rendered relating to the petition for allowances herein.

> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Cecil A. Taylor as Receiver shall receive $2,500.00 for his services, and that the said Lynnville G. Miles and Julian D. Pace, attorneys for said Receiver shall receive $5,000.00 in consideration of their services rendered in this cause of action." (Italics added.)

The bill of particulars attached to the petition for allowances and the evidence later adduced in support of the petition indicates that most of the services rendered for which compensation was sought were in connection with the efforts of the re-

ceiver and his attorneys to defeat the appeal. The order making the allowances indicates that such services were taken into account in arriving at the amount thereof.

Burns' Stat., §3-2603, states as follows:

> "In all cases hereafter commenced or now pending in any of the courts of this state, in which a receiver may be appointed or refused, the party aggrieved may, within ten (10) days thereafter, appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case; and in case where a receiver shall be or has been appointed, upon the appellant filing an appeal-bond with sufficient surety, in such sum as may have been required of such receiver, conditioned for the due prosecution of such appeal, and the payment of all costs or damages that may accrue to any officer or person by reason thereof, the authority of such receiver shall be suspended until the final determination of such appeal."

In construing this section of the statute, this court said in *O'Malley, Supt. of Insurance* v. *Hankins* (1936), 209 Ind. 461, 465, 199 N. E. 558, in an opinion by Fansler, J.:

> "It appears from the record before us that the receivers were appointed on September 30th. An appeal was prayed and a bond filed on October 4th, which suspended the authority of the receivers to act further. It appears from the claim for services that the receivers collected $638.02 between September 30th and October 4th. It does not disclose that they performed any other services during that time. It does appear that they unlawfully continued to act for some months thereafter, and collected something less than $23,000 in insurance premiums. After October 4th the receivers had no lawful authority to bind the defendant's property or the trust. They had no authority to act as receivers, nor as such to incur expenses of any kind or character, all of which would appear to be clearly indicated by the prin-

cipal opinion. There is no suggestion that the defendant agreed to or acquiesced in the appointment."

The appellants here furnished bond as authorized by the statute and perfected their appeal to this court on January 3, 1949. Thus the authority of the receiver was suspended on January 3rd by operation of law. The receiver thereafter, and until the appeal was dismissed as being moot, had no authority to act as such nor to perform any services or incur any expenses chargeable against the estate. To the extent that he did so he acted beyond his authority. The estate is not chargeable for services rendered or expenses incurred by the receiver while acting outside the authority conferred upon him. *Hyre* v. *Johnson* (1929), 107 W. Va. 524, 149 S. E. 385, 64 A. L. R. 1536.

The appellees undertake to justify the allowances made, and the court below seems to have adopted the theory, that the receiver and his attorneys were obliged to defend the appeal from the order appointing the receiver because said receiver was named as a party to said appeal. No authority for this position has been cited and we have found none.

The receiver is not a party to the judgment, and was not a necessary party to the appeal from the order appointing him. *Sands* v. *Sands* (1938), 214 Ind. 87, 14 N. E. 2d 535; *Indianapolis Brewing Co.* v. *Bingham* (1948), 226 Ind. 137, 78 N. E. 2d 432; *Public Ser. Comm.* v. *Indiana Bell Tel. Co.* (1952), — Ind. —, 108 N. E. 2d 889.

The receiver had no vested interest in his appointment and was under no duty to defend it. He stood indifferent between the parties to the litigation, and could not be legally prejudiced by the reversal of the judgment appointing him. His au-

thority had been superceded. He had been deprived of the custody of whatever property had been confided to his care. The danger of its loss or dissipation had been forestalled by the appeal bond which was taken and approved by the court. The activities we are discussing were not for the benefit of the trust and the court erred in making an allowance of compensation therefor, either to the receiver or to his attorneys, payable out of the trust assets.

The judgment is reversed and cause remanded for further proceedings not inconsistent with the views herein expressed.

NOTE.—Reported in 110 N. E. 2d 332.